| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMES R. FELTON, ESQ. (State Bar No. 138767)<br>  jfelton@gblawllp.com<br>JEREMY H. ROTHSTEIN, ESQ. (State Bar No. 316140)<br>  jrothstein@gblawllp.com<br>G&B LAW, LLP<br>16000 Ventura Boulevard, Suite 1000<br>Encino, California 91436<br>Tel:  (818) 382-6200 • Fax: (818) 986-6534<br><br>Attorneys for Petitioner<br>JKO Group, LLC and Blackhawk Solar, LLC<br><br>☐  *Movant appearing without an attorney*<br>☒  *Attorney for Movant* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

</div>

| In re:<br><br>GLOBAL PREMIER REGENCY PALMS OXNARD, LP, a California limited partnership,<br><br>  Debtor and<br>  Debtor-in-Possession.<br><br><div align="right">Debtor(s).</div> | CASE NO.: 9:25-bk-10329-RC<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: 06/03/2025<br>TIME:  9:00 a.m.<br>COURTROOM: 201 |

**Movant:**  JKO Group, LLC and Blackhawk Solar, LLC

1. **Hearing Location**:

    ☐  255 East Temple Street, Los Angeles, CA 90012          ☐  411 West Fourth Street, Santa Ana, CA 92701
    ☐  21041 Burbank Boulevard, Woodland Hills, CA 91367     ☒  1415 State Street, Santa Barbara, CA 93101
    ☐  3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  05/13/2025

G&B Law, LLP
Printed name of law firm (if applicable)

Jeremy Rothstein, Esq.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

      *Street address*: 1020 Bismark Way
      *Unit/suite number*:
      *City, state, zip code*: Oxnard CA 93003

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __1__):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13 was filed on (*date*) __03/11/2025__.

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) ☐ Movant's interest in the Property is not adequately protected.

         (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) ☐ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

         (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

         (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

         (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

         (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

         (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

    (3) ☐ *(Chapter 12 or 13 cases only)*

        (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

        (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

    (4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

    (5) ☐ The Movant regained possession of the Property on (*date*) _____,
which is ☐ prepetition ☐ postpetition.

    (6) ☒ For other cause for relief from stay, see attached continuation page.

  b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

  c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

  d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

  a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

  c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

  a. The REAL PROPERTY DECLARATION on page 6 of this motion.

  b. ☐ Supplemental declaration(s).

  c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit 2____.

  d. ☐ Other:

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                              Page 4                              **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☒ See attached continuation page for other relief requested.

Date: 05/13/2025

G&B Law LLP
_____
Printed name of law firm (*if applicable*)
Jeremy H. Rothstein
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Jaspreet Sethi _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): I am the Movant's authorized agent

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached*):

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit 3____.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit 4____.

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other (*specify*):

4. a. The address of the Property is:

      *Street address*: 1020 Bismark Way
      *Unit/suite no.*:
      *City, state, zip code*: Oxnard, CA 93003

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
      See attached Exhibit 1

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

   a. ☐ Debtor's principal residence    b. ☐ Other residence
   c. ☐ Multi-unit residential    d. ☒ Commercial
   e. ☐ Industrial    f. ☐ Vacant land
   g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ The Debtor  ☒ did  ☐ did not  list the Property in the Debtor's schedules.

   f. ☐ The Debtor acquired the interest in the Property by  ☒ grant deed  ☐ quitclaim deed  ☐ trust deed.

   The deed was recorded on (*date*) _____.

7. Movant holds a  ☐ deed of trust  ☐ judgment lien  ☐ other (*specify*) Deed of Trust_____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 4____.

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 3____.

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit 5____.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 22,981,942.50 | $ 22,981,942.50 | $ 22,981,942.50 |
| b. | Accrued interest: | $ 2,733,826.30 | $ 490,440.86 | $ 3,224,267.16 |
| c. | Late charges | $ 33,120.00 | $ 3,680.39 | $ 36,800.00 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ tbd | $ accruing | $ accruing |
| e. | Advances (property taxes, insurance): | $ 0 | $ 0 | $ 0 |
| f. | Less suspense account or partial balance paid: | $[ 0        ] | $[ 0        ] | $[ 0        ] |
| g. | TOTAL CLAIM as of (*date*): 5/13/2025 | $ | $ | $ |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) 01/18/2022__ or ☐ none recorded.

   b. Notice of sale recorded on (*date*) _____ or ☒ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) 05/17/2022__ or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit __6__ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

   a. Amount of current monthly payment as of the date of this declaration: $__See Exh. 6__ for the month of _____ 20___.

   b. Number of payments that have come due and were not made: _____. Total amount: $_____

   c. Future payments due by time of anticipated hearing date (*if applicable*):

   An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

   d. The fair market value of the Property is $_____, established by:

   (1) ☐  An appraiser's declaration with appraisal is attached as Exhibit _____.

   (2) ☐  A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

   (3) ☐  A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

   (4) ☐  Other (*specify*):

   e. **Calculation of equity/equity cushion in Property:**

   Based upon ☐ a preliminary title report ☒ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT**: $ | | | |

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit __2-5__ and consists of:

   (1) ☐  Preliminary title report.

   (2) ☒  Relevant portions of the Debtor's schedules.

   (3) ☒  Other (*specify*): loan documents and recorded instruments

   g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

   h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
   By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:


12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (*or concluded on*) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                    $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                    $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                    $[                    ]

        TOTAL POSTPETITION DELINQUENCY:                    $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$_____    received on (*date*) _____
$_____    received on (*date*) _____
$_____    received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:

1. Case name: _____
   Chapter: _____   Case number: _____
   Date dismissed: _____   Date discharged: _____   Date filed: _____
   Relief from stay regarding the Property ☐ was ☐ was not  granted.

2. Case name: _____
   Chapter: _____   Case number: _____
   Date dismissed: _____   Date discharged: _____   Date filed: _____
   Relief from stay regarding the Property ☐ was ☐ was not  granted.

3. Case name: _____
   Chapter: _____   Case number: _____
   Date dismissed: _____   Date discharged: _____   Date filed: _____
   Relief from stay regarding the Property ☐ was ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                          Page 10                                          **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/13/2025 | Jaspreet Sethi | |
|---|---|---|
| Date | Printed name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Secured Lender JKO Group LLC and creditor Blackhawk Solar, LLC (collectively "Movant"

3  or "Lender") submit this Memorandum of Points and Authorities in support of the foregoing *Motion*

4  *for Relief from the Automatic Stay under 11 U.S.C. § 362* (the "Motion") and respectfully state as

5  follows:

6

## I.

7

## INTRODUCTION

8      After notice and a hearing, in August 2023, this Court entered its *Order Approving Debtor's*

9  *Motion for Order: (1) Approving Compromise of Controversy with JKO Group, Inc. and (2)*

10 *Dismissing Chapter 11 Case* in Case No. 22-10626, Dkt. 119 (the "Dismissal Order")[1] approving the

11 Stipulation (the "Stipulation") between the Debtor, Global Premier Regency Palms Oxnard, L.P., and

12 Global Regency Oxnard Senior Cares Services, LLC (a non-debtor), and the Lender, and dismissing

13 this Debtor's first bankruptcy case. Pursuant to the Stipulation and Dismissal Order, the Debtor (i)

14 acknowledged that the Loan Documents (as defined in the Dismissal Order) constitute the valid,

15 binding and enforceable obligations of the Debtor; (ii) granted the Lender an allowed secured claim

16 against the Debtor in the amount of $30,854,934.02 through August 10, 2023 (iii) agreed to resume

17 making monthly payments, in the amount of $89,000, with monthly principal and interest at the non-

18 default rate continuing to accrue at $152,921.82 per month, and default interest continuing to accrue

19 at the rate of $3,541.67 per day; and (iv) agreed to secure that payment obligation with a Deed in Lieu

20 of Foreclosure that Lender's counsel would hold in trust and record if the Debtor defaulted on the

21 payment obligation. Dismissal Order ¶¶5-9. The Debtor also agreed to waive the protection of the

22 automatic stay upon the occurrence of such a default. Dismissal Order ¶9.

23      In March of 2025, the Debtor defaulted on its obligations under the Stipulation by failing to

24 make its monthly payment. Thus, pursuant to the Stipulation, the Lender is entitled to record its Deed

25

26

27

28      [1] A true and correct copy of the Dismissal Order is attached to the *Request for Judicial Notice*
filed concurrently herewith as Exhibit A.

1

1  in Lieu of Foreclosure and is entitled to relief from the automatic stay to exercise this remedy.

2  Accordingly, this Court should grant this Motion and enforce its prior order.

3        But this Motion should be granted for other reasons as well. At its most basic, this Debtor

4  borrowed over $25 million from the Lender, and it does not have the means to repay that debt. Pursuant

5  to the Stipulation, the debt will mature in August of 2025, and due to interest, fees and other costs, the

6  amount owed has ballooned to over $26 million dollars and continues to grow. The Debtor has been

7  in default essentially since November of 2021. By entering into the Stipulation, the Debtor bought

8  itself two years to find a way to satisfy the debt, either through an equity infusion, refinancing or sale.

9  It has been unable to do so. There is no reason to believe that it can do now what it has failed to do

10 over the past few years.

11       The Debtor is not an operating entity. It has no employees, there are few non-insider unsecured

12 creditors. The case has been pending for over two months and there have been no first-day motions

13 filed.  The Debtor failed to make its post-petition payment in April or May. The Debtor caused this

14 default by failing to make the March payment and instead causing its subsidiary to fund its attorneys'

15 fees; clearly the Debtor does not have enough revenue to satisfy both the Debtor's operational

16 obligations and administrative obligations and pay the debt.  This Debtor has never operated as a viable

17 business, has had years to try and right the ship, but it could not. The debt must be repaid. There must

18 be an end.

19       Accordingly, this Court should grant relief from the automatic stay.

**II.**

**<u>JURISDICTION</u>**

22       This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a)

23 and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (G).

24 This motion is filed pursuant to 11 U.S.C. § 362(d) of title 11 of the United States Code §§ 101-1532

25 (the "Bankruptcy Code").

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY
2074560.1 - 32494.0001

## II.

## BACKGROUND

On March 11, 2025 (the "Petition Date"), Global Premier Regency Palms Oxnard, LP, a California limited partnership (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California. The Chapter 11 Case was subsequently transferred to the Northern Division and reassigned to this Court (the "Court") because this Court dismissed the Debtor's first chapter 11 proceeding in August 2023. The Debtor remains in possession of its property and is operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No committee has been appointed.

### A. The Debtor's Background Generally

The Debtor's prior bankruptcy filings provide that the Debtor was formed in 2014 and was initially funded with $12 million of investment from foreign investors, who invested in the Debtor pursuant to a program of the United States government to allow foreign investors to make investments in the United States in order to obtain residency status. *See Request for Judicial Notice*, Ex. B.

The Debtor's primary assets are that certain Property known as 1020 Bismark Way, Oxnard, California 93033, Assessor's Parcel Number 221-0-063-185 (the "Property"), and the Debtor's 100% interest in a subsidiary Global Regency Oxnard Senior Care Services, LLC (the "Subsidiary"). *See* Real Property Declaration, Ex. 2 (excerpts of the Debtor's Schedules). The Subsidiary leases the Property, and its rental payments and distributions, if any, are the Debtor's sole source of revenue.

### B. The Lender's Secured Debt

On March 23, 2020, the Debtor entered into a loan (the "Loan") with Nano Banc ("Nano") in the original principal amount of $23,000,000.00. The Loan is secured by a Deed of Trust recorded on March 27, 2020. On November 19, 2020, the Debtor and Nano entered into a Change in Terms Agreement which, among other things, increased the principal amount of the loan from $23,000,000.00 to $25,500,000.00. As part of this modification, the Debtor also entered into Modification of Deed of Trust duly recorded on December 4, 2020.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY
2074560.1 - 32494.0001

1    **C. The 2021 Default and the Filing of the First Bankruptcy Case**

2    On or about November 11, 2021, the Debtor defaulted on its payment obligations and breached

3    various covenants under the Loan Documents. A trustee's sale was scheduled for May 17, 2022.

4    On or about April 15, 2022, Nano assigned its rights in the Loan Documents to the Lender (the

5    "Debt").

6    On May 6, 2022, JKO filed an action against the Debtor and others in the Superior Court of

7    California for the County of Ventura (Case No. 56-2022-00565422-CU-COVTA) seeking, among

8    other things, judicial foreclosure of the Property and collection on the guaranties executed by the

9    Debtor's co-defendants. That same day, the Debtor filed an action in the Superior Court of California

10   for the County of Orange (30-2022-01258382-CU-BC-CJC) against JKO and others seeking, among

11   other things, an injunction to enjoin the trustee's sale. Injunctive relief was ultimately denied.

12   On September 2, 2022 (the "First Petition Date"), the Debtor filed a voluntary petition under

13   chapter 11 of the Bankruptcy Code in the Bankruptcy Court initiating Case No. 22-bk-10626-RC (the

14   "First Bankruptcy Case").

15   **D. The Stipulation and the Dismissal of the First Bankruptcy Case**

16   On July 14, 2023, the Debtor filed its *Motion for Order: (1) Approving Compromise of*

17   *Controversy with JKO Group, Inc. and (2) Dismissing Chapter 11 Case* ("Dismissal Motion") in the

18   First Bankruptcy Case seeking, among other things, the Court's approval of the Stipulation. *See*

19   *Request for Judicial Notice*, filed and served concurrently herewith, Exhibit 2 to Exhibit B. Pursuant

20   to paragraph 4 of the Stipulation, the Debtor agrees to resume making monthly payments under the

21   Promissory Note in the reduced amount of $89,000 per month.

22   Pursuant to paragraph 10(a)(i) of the Stipulation, the failure to make any payment of the Loan

23   when due is a Payment Default. Stipulation ¶10(a)(i). The consequences of the Payment Default are

24   set forth in paragraph 11(a), which provides, in pertinent part, as follows:

25   Upon the occurrence or continuance of a Payment Default or Uncured Default under this
     Stipulation or the Loan Documents, Deed Holder may immediately record the Deed in Lieu
26   and shall immediately notify the Debtor of said recording. JKO and Deed Holder shall be
     granted relief from the automatic stay to the extent necessary to take the foregoing actions.
27

28   Stipulation 11(a).

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY

2074560.1 - 32494.0001

1

2    On August 15, 2023, the Court entered the Dismissal Order approving the relief requested in

3    the Dismissal Motion, with certain modifications not relevant to hereto. *Request for Judicial Notice*,

4    Ex. A. The Dismissal Order echoes the language of paragraph 11 of the Stipulation, including, of

5    particular relevance,

6    > Upon the occurrence or continuation of a Payment Default . . . under the Compromise or the
> Loan Documents, Deed Holder may immediately record the Deed in Lieu . . JKO and Deed
7    > Holder shall be granted relief from the automatic stay to the extent necessary to take the
> foregoing actions.
8

9    Dismissal Order ¶9.

10

11    **E.  Occurrence of an Event of Default under the Stipulation and Commencement of this**

12    **Bankruptcy Case**

13    The Debtor failed to make its payment of $89,000 due on or before March, 10, 2025. On March

14    11, 2025, the Petition Date, the Debtor commenced this case. The Debtor did not seek any "first day

15    relief" and has filed no motions seeking any relief other than to retain its professionals. The Debtor

16    failed to make its monthly payment in April or May, despite apparently having gross income of

17    $183,168 (per its Monthly Operating Report for March 2025), and no expenses other than debt service

18    payment, which it did not make. The Debtor failed to make any adequate protection payments.  And,

19    it appears, the Debtor diverted rents from the Subsidiary, which are the Lender's cash collateral, to

20    pay attorneys' fees prior to the commencement of this second bankruptcy case. The Debtor has filed

21    a status report that provides no real information about how the Debtor intends to satisfy this debt.

22    As of the Petition Date, the Debtor owes JKO no less than $25,758,888.80. The Debtor has

23    made no payments post-petition and, due to the occurrence of the default, owes an additional

24    $494,120.86 for amounts owed post-petition plus interest, default interest, late fees, attorneys' fees,

25    and other fees which continue to accrue.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY
2074560.1 - 32494.0001

## III.

## ARGUMENT

### A. The Lender is Entitled to Relief from the Automatic Stay Under Section 362(d)(1).

A Court must grant relief from the automatic stay pursuant to section 362(d)(1) for cause. 11 U.S.C §362(d)(1). The term "cause" is not defined in the Code, and what constitutes cause for granting relief from stay is determined on a case-by-case basis. *Christensen v. Tucson Estates Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). A "bankruptcy court generally has broad discretion in granting relief from stay for cause under § 362(d)." *Edwards v. Wells Fargo Bank, N.A. (In re Edwards)*, 454 B.R. 100, 107 (B.A.P. 9th Cir. 2011). The debtor bears the burden on all issues, other than the issue of equity in the property. *See* 11 U.S.C. § 362(g); *see also Gauvin v. Wagner (In re Gauvin)*, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982) ("[Section] 362(g) puts the burden on the debtor in [§ 362(d)(1)] to prove absence of cause and in [§ 362(d)(2)(B)] to prove necessity to effect reorganization, and on the creditor in [§ 362(d)(2)(A)] to prove lack of equity.").

Here, there is cause for relief because the Debtor agreed that in consideration for Lender's agreeing not to seek relief from the stay to foreclose on the Property in the prior bankruptcy proceeding, or other similar relief, the Debtor would resume making monthly payments in the amount of $89,000 and would secure those payments by granting the Lender a Deed in Lieu of Foreclosure and waive the right to the automatic stay to in a Court- approved Stipulation arising in the Debtor's prior bankruptcy case.

[W]aivers that are approved after notice and an opportunity for hearing in the context of an earlier bankruptcy case are not *per se* (or even generally) unenforceable. *In re BGM Pasadena, LLC*, Case No. 2:16-cv-03178-CAS, 2016 U.S. Dist. LEXIS 72825, at *10-11 (C.D. Cal. June 2, 2016)(citing the bankruptcy court's opinion). "When such a waiver is made a part of a confirmed plan or a court-approved settlement agreement, either with the consent of unsecured creditors or after they have received notice and an opportunity to object, absent changed circumstances, such waivers have routinely been enforced." *Id*. That is exactly what happened in the prior case. In fact, non-insider unsecured creditors were paid in full under the court-approved settlement. *See* Dismissal Motion ¶ 4.b.



6

1    As explained by the *BGM Pasadena* court, "[t]here is no shortage of authority" supporting the

2    enforcement of pre-petition waivers of the automatic stay. *See* 2016 U.S. Dist. LEXIS 72825 at *11-

3    12 (citations omitted); *see e.g. In re Frye*, 320 B.R. 786, 796 (Bankr. D. Vt. 2005) (enforcing a pre-

4    petition agreement); *In re Excelsior Henderson Motorcycle Mfg. Co*., 273 B.R. 920 (Bankr. S.D. Fla.

5    2002) (enforcing a pre-petition agreement); *In re Shady Grove Tech Ctr. Assoc. Ltd. P'ship*, 216 B.R.

6    386 (Bankr. D. Md. 1998) (setting forth several factors as to whether cause exists to warrant relief

7    from stay). Courts have applied a variety of factors in published and unpublished cases, but the

8    ultimate fact here is that this Court already approved relief from stay to this Lender to foreclose on

9    this property if the Debtor failed to make the payments that it agreed to make.

10    Moreover, the Debtor, and its affiliated entities, are no stranger to bankruptcy proceedings.

11    The Debtor and its affiliated entities have filed no fewer than four bankruptcy proceedings in the past

12    few years, all represented by able bankruptcy counsel. *See* Schedules and Statements of Financial

13    Affairs [Dkt. 22], pg. 5 (Statement of Related Cases). The Debtor was advised by such counsel at the

14    time of the execution of the Stipulation, and the Stipulation was approved by this Court after notice to

15    creditors and a hearing. *See* Dismissal Order, *passim*.

16    The Debtor borrowed over $25 million dollars, and almost immediately went into default on

17    its loan obligations. To forestall foreclosure, the Debtor filed its first bankruptcy case and entered into

18    the Stipulation, buying itself two more years to find a way to repay this debt.  The Debtor has reaped

19    nearly the entire benefit of the bargain but is no closer to repaying the debt than it was in 2023. To the

20    contrary, with additional interest and attorneys' fees, the Debtor still owes the Lender no less than $26

21    million dollars. It cannot even maintain the debt. The two years are coming to an end. The Lender is

22    entitled to relief.

23    Finally, enforcing the Stipulation will further the policy of encouraging settlements. If such

24    agreements are not enforced, secured creditors will hesitate to make agreements with debtors, knowing

25    that the end of one case will only plant the seeds of the next one. And importantly, because the

26    Stipulation was approved by this Court after notice and a hearing, enforcing the Court's prior order

27    will support the public confidence in the integrity of the judicial system.

28    Accordingly, relief from the stay is necessary and appropriate under the facts of this case.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY
2074560.1 - 32494.0001

**IV.**

**CONCLUSION**

For those reasons, the Lender respectfully requests an order granting relief from stay under sections 362(b)(1) to proceed with its remedies.

Dated:  May 13, 2025                                     G&B LAW, LLP


By: _____
JAMES R. FELTON, ESQ.
JEREMY H. ROTHSTEIN, ESQ.
Attorneys for Movant
JKO Group, LLC and Blackhawk Solar, LLC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY
2074560.1 - 32494.0001