**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>Global Premier Regency Palms Oxnard, LP<br><br><br>Debtor(s) | CASE NO.: 9:25-bk-10329-RC<br>ADVERSARY NO.:<br>NOTICE OF APPEAL FILED:  08/25/2025<br>NOTICE OF CROSS APPEAL FILED :<br>BANKRUPTCY CASE FILED :   03/11/2025<br>APPEAL DOCKET ENTRY NO.: 107 |
| vs.<br><br>Plaintiff(s)<br><br><br>Defendant(s) | **NOTICE OF REFERRAL OF APPEAL** |

To all parties in interest, and the:

☑ Bankruptcy Appellate Panel of the Ninth Circuit
☐ United States District Court, Central District of California

You are hereby notified that the following document(s) have been filed at the Bankruptcy Court.

☐ Motion for Leave to Appeal
☐ Answer in opposition to Motion for Leave to Appeal
☒ Notice of Appeal and Statement of Election
☐ Notice of Cross-Appeal
☐ Appellant's Statement of Election to Transfer Appeal to the District Court
☐ Other (*specify*):

By virtue of orders of the Judicial Council of the Ninth Circuit and the District Court for this District, the above appeal and related documents have been referred to the Bankruptcy Appellate Panel or U.S. District Court, as indicated above.

I certify that a true copy of the Notice of Appeal and Statement of Election, Notice of Referral of Appeal, Transcript Order Form, and Notice of Transcript were served on each of the parties listed in the Appeal, together with a copy of the Amended Order Continuing the Bankruptcy Appellate Panel of the Ninth Circuit, as applicable.

Kathleen J. Campbell
Clerk of Court

Date:  08/25/2025          By:  /s/ Elizabeth Spann

Deputy Clerk

# NOTICE OF APPEAL SERVICE LIST

**1.**  **SERVED BY THE BANKRUPTCY COURT BY NOTICE OF ELECTRONIC FILING (NEF):**

☒ Bankruptcy Appellate Panel of the Ninth Circuit at bapca09filings@ca9.uscourts.gov
☐ United States District Court at bkappeal_cacd@cacd.uscourts.gov

Office of the United States Trustee

☐ Los Angeles Division at ustpregion16.la.ecf@usdoj.gov
☐ Riverside Division at ustpregion16.rs.ecf@usdoj.gov
☐ Santa Ana Division at ustpregion16.sa.ecf@usdoj.gov
☐ San Fernando Valley Division at ustpregion16.wh.ecf@usdoj.gov
☒ Northern Division at ustpregion16.nd.ecf@usdoj.gov

Other parties served by NEF:
Brian David Fittipaldi      brian.fittipaldi@usdoj.gov
Garrick A Hollander      ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Matthew D Pham      mpham@allenmatkins.com, mdiaz@allenmatkins.com
Debra Riley      driley@allenmatkins.com, plewis@allenmatkins.com
Jeremy H Rothstein      jrothstein@gblawllp.com, msingleman@gblawllp.com;mbowes@gblawllp.com
United States Trustee (ND)      ustpregion16.nd.ecf@usdoj.gov

**2.**  **SERVED BY THE BANKRUPTCY COURT BY UNITED STATES MAIL:**

**APPEAL.NOTICE.REFERRAL**

GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@wghlawyers.com
PETER W. LIANIDES – State Bar No. 160517
plianides@wghlawyers.com
JOHN D. GIAMPOLO – *Pro Hac Admission Pending*
jgiampolo@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for
Debtor and Debtor-in-Possession

FOR COURT USE ONLY

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>GLOBAL PREMIER REGENCY PALMS OXNARD, LP, a California limited partnership,<br><br>          Debtor and Debtor-in-Possession. | Case No. 9:25-bk-10329-RC<br><br>Chapter 11 Proceeding |
|        Plaintiff(s) (if applicable),<br><br>vs.<br><br>       Defendant(s) (if applicable). | **NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): <u>Global Premier Regency Palms Oxnard, LP, a California limited partnership</u>

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (describe):

For appeals in a bankruptcy case and not in an adversary proceeding:

☒ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe):

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:

ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY), docket no. 98, attached hereto as exhibit 1.

2. The date the judgment, order or decree was entered: August 12, 2025.

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: Global Premier Regency Palms Oxnard, LP, the Debtor and Debtor in Possession.
    <u>Attorneys for Appellants</u>:

    Garrick A. Hollander, Esq.
    Winthrop Golubow Hollander LLP
    1301 Dove Street, Suite 500
    Newport Beach, CA 92660
    Telephone: (949) 720-4100
    Facsimile: (949) 720-4111
    Email: ghollander@wghlawyers.com


2.  Party: JKO Group, LLC and Blackhawk Solar, LLC.
    <u>Attorneys for Appellees</u>:

    James R. Felton, Esq.
    Jeremy H. Rothstein, Esq.
    G&B Law, LLP
    16000 Ventura Boulevard, Suite 1000
    Encino, California 91436
    Telephone: (818) 382-6200
    Fax: (818) 986-6534
    Email: jfelton@gblawllp.com; jrothstein@gblawllp.com

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐   Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

 /s/ Garrick A. Hollander_____                Date:  August 25, 2025
Signature of attorney for appellant(s), Global Premier Regency Palms Oxnard, LP

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# EXHIBIT 1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>JAMES R. FELTON, ESQ. (State Bar No. 138767)<br>  jfelton@gblawllp.com<br>JEREMY H. ROTHSTEIN, ESQ. (State Bar No. 316140)<br>  jrothstein@gblawllp.com<br>G&B LAW, LLP<br>16000 Ventura Boulevard, Suite 1000<br>Encino, California 91436<br>Tel:  (818) 382-6200 • Fax: (818) 986-6534<br><br>Attorneys for Petitioner<br>JKO Group, LLC and Blackhawk Solar, LLC<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>FILED & ENTERED<br><br>AUG 12 2025<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY milano    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -NORTHERN DIVISION**

| In re:<br><br>GLOBAL PREMIER REGENCY PALMS OXNARD, LP, a California limited partnership,<br><br>　　　Debtor and Debtor-in-Possession.<br><br><br><br><br><br>　　　　　　　　　　　　　　　　　Debtor(s). | CASE NO.: 9:25-bk-10329-RC<br>CHAPTER: 11<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: August 5, 2025<br>TIME: 9:00 a.m.<br>COURTROOM: 201<br>PLACE: 1415 State Street<br>　　　　　Santa Barbara, CA 93101 |

**Movant:**  JKO Group, LLC and Blackhawk Solar, LLC

1.　The Motion was:　☒ Opposed　☐ Unopposed　☐ Settled by stipulation

2.　The Motion affects the following real property (Property):

　　*Street address*:　　<u>1020 Bismark Way</u>
　　*Unit/suite number*:　<u>　　　　　　　　　　　　　　　　　　　　　</u>
　　*City, state, zip code*:　<u>Oxnard CA 93003</u>

　　Legal description or document recording number (including county of recording):


　　☒ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*　　　　　　　　　　　　　Page 1　　　　　　　　　**F 4001-1.RFS.RP.ORDER**

2588193.1 - 32572.0001

3. The Motion is granted under:

    a. ☒ 11 U.S.C. § 362(d)(1)

    b. ☐ 11 U.S.C. § 362(d)(2)

    c. ☐ 11 U.S.C. § 362(d)(3)

    d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☐ Multiple bankruptcy cases affecting the Property.

        (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make
a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order. **Continuation pages deleted as inapplicable.**

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 2                         **F 4001-1.RFS.RP.ORDER**

2588193.1 - 32572.0001

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☒ Other (*specify*): The Motion is granted for the reasons set forth by the Court in its tentative ruling and on the record at the hearing.

###

Date: August 12, 2025

Ronald A. Clifford III
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 3                              **F 4001-1.RFS.RP.ORDER**

2588193.1 - 32572.0001

# ATTACHMENT 1

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.: 00304645-997-OC1-JA1

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OXNARD, IN THE COUNTY OF VENTURA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOTS 20 TO 27 INCLUSIVE, OF TRACT NO. 1570-1, IN THE CITY OF OXNARD, COUNTY OF VENTURA, STATE OF CALIFORNIA, AS PER MAP RECORDED IN <u>BOOK 43 PAGES 57, 58 AND 59 OF MAPS</u>, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ALL OF THE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS IN AND UNDER SAID LAND, WITHOUT HOWEVER, ANY RIGHT OF ENTRY ON THE SURFACE OF SAID PROPERTY OR THE SUBSURFACE THEREOF TO A DEPTH OF 500 FEET MEASURED VERTICALLY FROM SAID SURFACE.

APN: **221-0-063-185**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street Suite 500, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 25, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Brian David Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Matthew D Pham**    mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Debra Riley**    driley@allenmatkins.com, plewis@allenmatkins.com
- **Jeremy H Rothstein**    jrothstein@gblawllp.com, msingleman@gblawllp.com;mbowes@gblawllp.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:  On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3.  SERVED BY OVERNIGHT MAIL, (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 25, 2025 | Silvia Villegas | /s/ Silvia Villegas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

In re:

CASE NO.:

CHAPTER: 11

ADVERSARY NO.:
(if applicable)

DATE NOTICE OF APPEAL FILED:

DATE NOTICE OF CROSS APPEAL FILED:

Debtor(s).

APPEAL DOCKET ENTRY NO.:

Plaintiff(s),

vs.

**NOTICE OF TRANSCRIPT(S)
DESIGNATED FOR AN APPEAL**

Defendant(s).

Notice is given to the court and other parties in interest that the following action was taken:

☐    I do not intend to designate any portion of the transcript(s).

☐    I requested a copy of the transcript(s).

　　1.　Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
　　　　Date (*specify*) _____ transcript was requested.

　　2.　Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
　　　　Date (*specify*) _____ transcript was requested.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2016                                  Page 1                        **F 8004-1.1.NOTICE.TRANSCRIPT**

3.  Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
    Date (*specify*) _____ transcript was requested.

4.  Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
    Date (*specify*) _____ transcript was requested.

5.  Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
    Date (*specify*) _____ transcript was requested.

☐  I intend to designate the following transcript(s) previously docketed:

1.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

2.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

3.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

4.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

5.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

Date: _____

_____
Printed name of law firm

_____
Signature

_____
Printed name

_____
Attorney for (*specify*)

Instructions

This Notice <u>cannot</u> be used to order a transcript.  To order a transcript, use the court approved Transcript Order Form on the court's website at www.cacb.uscourts.gov/transcripts.

This Notice must be served on opposing counsel and filed with the court within 14 days of the filing of the Notice of Appeal.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2016*                                          Page 2                          **F 8004-1.1.NOTICE.TRANSCRIPT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:



A true and correct copy of the foregoing document entitled: **NOTICE OF TRANSCRIPT(S) DESIGNATED FOR AN APPEAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
| --- | --- | --- |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2016*                                      Page 3                          **F 8004-1.1.NOTICE.TRANSCRIPT**

# TRANSCRIPT ORDERING INSTRUCTIONS

## TRANSCRIPT REQUESTS
A separate form must be completed for each hearing date requested.  Select a Transcription Service Provider from the attached Court-approved list of transcribers and complete the *Transcript Order form*.

Five (5) types of transcript requests:

- **30 Days:** A transcript to be delivered within thirty (30) calendar days after receipt of deposit.
- **14 Days:** A transcript to be delivered within fourteen (14) calendar days after receipt of deposit.
- **7 Days:** A transcript to be delivered within seven (7) calendar days after receipt of deposit.
- **3 Days:** A transcript to be delivered within three (3) calendar days after receipt of deposit.
- **Next Day:** A transcript to be delivered within 24 hours after receipt of deposit.

## 341(a) MEETING OF CREDITORS:
The Meeting of Creditors is recorded by the Trustee. The Court does not keep or provide a copy of the recording.  For *341(a) Recording Request Procedures*, visit the U.S. Trustee website www.justice.gov/ust/r16.

## FILE THE TRANSCRIPT ORDER FORM
Parties with an ECF account must file the Transcript Order Form in CM/ECF on the related case docket. Use docket event "*Transcript Order Form (Public Request)*." As with all ECF filings, the completed PDF *Transcript Order Form* must be "flattened" before electronically filing through ECF (click here to view the procedure). Self-represented litigants and parties without an ECF account may hand-deliver or mail the form to the division where the hearing was held.

**\*NOTE: The Court does not accept transcript requests via fax, email or telephone.**

## TRANSCRIPT PROCESSING
The Court does not transcribe court proceedings. **The official record of court proceedings is transcribed by a court-approved transcriber from materials provided to that transcriber by the court.** When a *Transcript Order Form* is received, the Court will forward the hearing information to the Transcription Service Provider you designate on the Transcript Order Form. The Transcription Service Provider will contact you regarding receipt of the transcript. Thereafter, contact the Transcription Service Provider directly if you have questions regarding your transcript order. Transcripts cannot be picked up at the Court. For more information, go to www.cacb.uscourts.gov/track-transcript-status.

## TRANSCRIPT COSTS/FORMS OF PAYMENT
The Transcription Service Provider will contact you directly regarding transcript costs and forms of payment. Rates may vary but may not exceed maximum charges set by the Judicial Conference of the United States (maximum rates are listed at www.cacb.uscourts.gov/transcripts).

## COPIES OF TRANSCRIPTS
Once the *Transcript Order Form* requesting a transcript of a hearing is entered on the related case docket, a Transcription Service Provider is designated and materials for transcription are sent by the Court to the designated Transcription Service Provider. If more than one party files a *Transcript Order Form* for the same hearing, the first *Transcript Order Form* on the docket takes precedence. All other parties that wish to obtain a transcript of the same hearing are to contact the Transcription Service Provider designated on the case docket.

Completed transcripts are filed by the transcriber on the related case docket and restricted for 90 days from the filed date as set forth in the *Guide to Judiciary Policy Vol. 6, §510.25.10*. During the 90-day restriction period, the transcript may be viewed at the Clerk's Office on a public computer terminal or a copy purchased from the designated Transcription Service Provider that created the original transcript. For more information see *Transcript Ordering Instructions,* section 1.15 of the Court Manual at www.cacb.uscourts.gov/court-manual.

## COURT LOCATIONS

Self-represented litigants and parties without an ECF account may hand-deliver or mail the form to the division where the hearing was held.

| *DIVISION | ADDRESS |
|-----------|---------|
| **Los Angeles (LA)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>255 E. Temple Street First Floor<br>Los Angeles, CA 90012<br>Attn: Transcript Orders (name of Judge who held the hearing) |
| **Northern (ND)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>1415 State Street<br>Santa Barbara, CA 93101<br>Attn: Transcript Orders (name of Judge who held the hearing) |
| **Riverside (RS)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501<br>Attn: Transcript Orders (name of Judge who held the hearing) |
| **San Fernando Valley (SV)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367<br>Attn: Transcript Orders (name of Judge who held the hearing) |
| **Santa Ana (SA)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>411 West Fourth Street<br>Santa Ana, CA 92701<br>Attn: Transcript Orders (name of Judge who held the hearing) |

**\*NOTE: The Court does not accept transcript requests via fax, email or telephone.**



# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

## APPROVED TRANSCRIPTION SERVICE PROVIDERS

**BEN HYATT CERTIFIED DEPOSITION REPORTERS**
17835 Ventura Blvd., Suite 310
Encino, CA 91316
Ph: (888) 272-0022, ext. 201 or ext. 206
Fax: (818) 343-7116
Email: mhyatt@benhyatt.com
www.BenHyatt.com

**eSCRIBERS, LLC**
7227 N 16th Street, Suite 207
Phoenix, AZ 85020
Ph:(213) 943-3843
Fax: (973) 954-5619
Email: sales@escribers.net
www.eScribers.net

**BRIGGS REPORTING CO., INC.**
9711 Cactus Street
Suite B
Lakeside, CA 92040
Ph: (310) 410-4151
Fax: (858) 453-9625
Email: BriggsReporting@yahoo.com

**EXCEPTIONAL REPORTING SERVICES, INC.**
14633 S. Padre Island Drive, Suite 103
Corpus Christi, TX 78418
Ph:(361) 949-2988, ext. 0
Fax: (361) 949-7799
Email: transcripts@exceptionalreporting.com
www.ExceptionalReporting.com

**ECHO REPORTING, INC.**
9711 Cactus Street
Suite B
Lakeside, CA 92040
Ph:(858) 453-7590
Fax: (858) 453-9625
Email: echoreporting@yahoo.com

**J & J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, NJ 08619
Ph: (609) 586-2311
Fax: (609) 587-3599
Email: JJcourt@JJcourt.com
www.JJcourt.com

ORDER No. _____



# UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

CHAPTER_____

## **TRANSCRIPT ORDER FORM**

APPEAL? ☐Yes ☐No
APPEAL No. _____
(if known)

(File this form on the related case docket)

Ordering Party's Name:_____ Attorney Bar# _____

Law Firm: _____

Mailing Address: _____

_____

Person to Contact (**If Judge-ordered: Transcriber to contact Procurement\*\***):_____

Telephone: (_____)_____ E-mail: _____

Bankruptcy Case #: _____ Adversary Proceeding #/MP #: _____

Date of Hearing (**complete a SEPARATE form for EACH hearing date**): _____Time: _____

Debtor: _____

Adversary Proceeding Name: _____ vs. _____

Hearing Judge: SELECT _____ Courtroom #: SELECT _____.

**TRANSCRIBER:** SELECT _____ **ALTERNATE:** SELECT _____

(Select from the Court-approved list of Transcription Service Providers. This provider will contact you regarding payment)

**341(a) MEETING OF CREDITORS:** The Meeting of Creditors is recorded by the Trustee. **DO NOT USE THIS FORM.** For *341(a) Recording Request Procedures click here*, visit the U.S. Trustee website

| **Transcript Type:** | **NOTE:** The Court is not responsible for determining if a hearing has been previously transcribed. Check the case docket to determine if a filed transcript already exists or is being transcribed before filing this form. |
|---|---|

**Copy of Existing Transcript:** Contact the transcriber directly for a copy.

☐ 30 Days (Ordinary)  ☐ 3 Days  ☐ Entire Hearing
☐ 14 Days  ☐ Next Day (24 hours)  ☐ Ruling/Opinion of Judge only
☐ 7 Days  ☐ Testimony of Witness _____
  ☐ Other*  (name of witness)

*Special Instructions: _____

**Transcript due dates** are computed from the date the deposit is received by the Transcriber. The cost of a transcript varies for each type. See *Transcript Ordering Instructions*, **Transcript Costs/Forms of Payment**.

### TO BE COMPLETED BY THE COURT

☐ **Judge Ordered Transcript\*\*:** Clerk must **docket this form**; CM/ECF will automatically notify Procurement.

Date Request Filed: _____Date Sent to Transcriber: _____ By ☐FDS ☐Mail ☐Messenger

Digital Recording (or Analog Tape Recording)

(Tape #:____)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

(Tape #:____)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

Court Recorder: _____Division:_____Processed by: _____

### **\*\*TRANSCRIBER INSTRUCTIONS**

**Judge-ordered transcripts:** email price quote & invoice to procurement@cacb.uscourts.gov. Provide quote *prior* to transcribing.

*Rev. October 2023. This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.*

**AMENDED ORDER CONTINUING**

**THE BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

**JUDICIAL COUNCIL OF THE NINTH CIRCUIT AMENDED ORDER CONTINUING THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

**1.      Continuing the Bankruptcy Appellate Panel Service.**

(a)  Pursuant to 28 U.S.C. § 158(b)(1) as amended by the Bankruptcy Reform  Act of 1994, the judicial council hereby reaffirms and continues a bankruptcy appellate panel service which shall provide panels to hear and determine appeals from judgments, orders and decrees entered by bankruptcy judges from districts within the Ninth Circuit.

(b)  Panels of the bankruptcy appellate panel service may hear and determine appeals originating from districts that have authorized such appeals to be decided by the bankruptcy appellate panel service  pursuant to 28 U.S.C. § 158(b)(6).

(c)  All appeals originating from those districts shall be referred to bankruptcy appellate panels unless a party elects to have the appeal heard by the district court in the time and manner and form set forth in 28 U.S.C. § 158(c)(1) and in paragraph 3 below.

(d)  Bankruptcy appellate panels may hear and determine appeals from final judgments, orders and decrees entered by bankruptcy judges and, with leave of bankruptcy appellate panels, appeals from interlocutory orders and decrees entered by bankruptcy judges.

(e)  Bankruptcy appellate panels may hear and determine appeals from final judgments, orders, and decrees entered after the district court from which the appeal originates has issued an order referring bankruptcy cases and proceedings to bankruptcy judges pursuant to 28 U.S.C. § 157(a).

**2.      Immediate Reference to Bankruptcy Appellate Panels.**

Upon filing of the notice of appeal, all appeals are immediately referred to the bankruptcy appellate panel service.

**3.  Election to District Court.**

A party desiring to transfer the hearing of an appeal from the bankruptcy appellate panel

service to the district court pursuant to 28 U.S.C. § 158(c)(1) shall timely file a written statement of election expressly stating that the party elects to have the appeal transferred from the bankruptcy appellate panel service to the district court.

(a)  Appellant: If the appellant wishes to make such an election, appellant must file a written statement of election with the clerk of the bankruptcy court at the time of filing the notice of appeal.  See Bankruptcy Rule 8005(a).  When such an election is made, the clerk of the bankruptcy court shall forthwith transfer the case to the district court.  The clerk of the bankruptcy court shall give notice to all parties and the clerk of the bankruptcy appellate panel of the transfer at the same time and in the same manner as set forth for serving notice of the appeal in Bankruptcy Rule 8003(c).

(b)  All Other Parties: In all appeals where appellant does not file an election, the clerk of the bankruptcy court shall forthwith transmit a copy of the notice of appeal to the clerk of the bankruptcy appellate panel.  If any other party wishes to have the appeal heard by the district court, that party must, within thirty (30) days after service of the notice of appeal, file with the clerk of the bankruptcy appellate panel a written statement of election to transfer the appeal to the district court.  Upon receipt of a timely statement of election filed under this section, the clerk of the bankruptcy appellate panel shall forthwith transfer the appeal to the appropriate district court and shall give notice of the transfer to the parties and the clerk of the bankruptcy court.  Any question as to the timeliness of an election shall be referred by the clerk of the bankruptcy appellate panel to a bankruptcy appellate panel motions panel for determination.

4.    MOTIONS DURING ELECTION PERIOD

All motions relating to an appeal shall be filed with the bankruptcy appellate panel service unless the case has been transferred to a district court.  The bankruptcy appellate panels may not dismiss or render a final disposition of an appeal within thirty (30) days from the date of service of the notice of appeal,  but may otherwise fully consider and dispose of all motions.

5.    PANELS

Each appeal shall be heard and determined by a panel of three judges from among those appointed pursuant to paragraph 6, provided however that a bankruptcy judge shall not participate in an appeal originating in a district for which the judge is appointed or designated under 28 U.S.C. § 152.  In addition, the panel may hear and determine appeals en banc under rules promulgated by and approved as provided in section 8 of this order.

6.    MEMBERSHIP OF BANKRUPTCY APPELLATE PANELS

The bankruptcy appellate panel shall consist of seven members serving seven-year terms (subject to reappointment to one additional three-year term).  The judicial council shall periodically examine the caseload of the bankruptcy appellate panel service to assess whether the number of bankruptcy judges serving should change.  Appointment of regular and pro tem bankruptcy judges to service on the bankruptcy appellate panel shall be governed by regulations promulgated by the Judicial Council.

(a)  When a three-judge panel cannot be formed from the judges designated under subparagraph (a) to hear a case because judges have recused themselves, are disqualified from hearing the case because it arises from their district, or are otherwise unable to participate, the Chief Judge of the  Ninth Circuit may designate one or more other bankruptcy judge(s) from the circuit to hear the case.

(b)  In order to provide assistance with the caseload or calendar relief, to constitute an en banc panel, or otherwise to assist the judges serving, or to afford other bankruptcy judges with the opportunity to serve on the bankruptcy appellate panels, the Chief Judge of the Ninth Circuit may designate from time to time one or more other bankruptcy judge(s) from the circuit to participate in one or more panel sittings.

7.      CHIEF JUDGE

The members of the bankruptcy appellate panel service by majority vote shall select one of their number to serve as chief judge.

8.      RULES OF PROCEDURE

(a)      Practice before the bankruptcy appellate panels shall be governed by Part VIII of the Federal Rules of Bankruptcy Procedure, except as provided in this order or by rule of the bankruptcy appellate panel service adopted under subparagraph (b).

(b)      The bankruptcy appellate panel service may establish rules governing practice and procedure before bankruptcy appellate panels not inconsistent with the Federal Rules of Bankruptcy Procedure.  Such rules shall be submitted to, and approved by, the Judicial Council of the Ninth Circuit.

9.      PLACES OF HOLDING COURT.

Bankruptcy appellate panels may conduct hearings at such times and places within the Ninth Circuit as it determines to be appropriate.

10.    **CLERK AND OTHER EMPLOYEES.**

(a) Clerk's Office.  The members of the bankruptcy appellate panel service shall select and hire the clerk of the bankruptcy appellate panel.  The clerk of the bankruptcy appellate panel may select and hire staff attorneys and other necessary staff.  The chief judge shall have appointment authority for the clerk, staff attorneys and other necessary staff.  The members of the bankruptcy appellate panel shall determine the location of the principal office of the clerk.

(b) Law Clerks.  Each judge on the bankruptcy appellate panel service shall have appointment authority to hire an additional law clerk.

11.    **EFFECTIVE DATE**

This Order shall be effective as to all appeals originating in those bankruptcy cases that are filed after the effective date of this Order.  For all appeals originating in those bankruptcy cases that were filed before October 22, 1994, the Judicial Council's prior Amended Order, as revised October 15, 1992, shall apply.  This Order, insofar as just and practicable, shall apply to all appeals originating in those bankruptcy cases that were filed after the effective date of the Bankruptcy Reform Act of 1994, October 22, 1994, but before the date of this Order.

**IT IS SO ORDERED.**

DATE: April 28, 1995; amended May 9, 2002, amended May 4, 2010, amended February 18, 2015.

For the Judicial Council:

Sidney R. Thomas, Chief Judge
U.S. Court of Appeals