JAMES R. FELTON, ESQ. (State Bar No. 138767)
  jfelton@gblawllp.com
JEREMY H. ROTHSTEIN, ESQ. (State Bar No. 316140)
  jrothstein@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel:  (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Creditor
JKO Group, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>GLOBAL PREMIER REGENCY PALMS OXNARD, LP, a California limited partnership,<br><br>Debtor and Debtor-in-Possession. | Case No.: 9:25-bk-10329-RC<br><br>(Chapter 11)<br><br>**JKO GROUP, LLC'S OPPOSITION TO APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT IN SUPPORT OF DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br><u>Hearing</u>:<br>Date:    September 10, 2025<br>Time:   1:00 p.m.<br>Ctrm:   Courtroom 201<br>              1415 State Street<br>              Santa Barbara, CA 93101 |

## I.

## INTRODUCTION

The Debtor's Disclosure Statement in Support of Second Amended Chapter 11 Plan of Reorganization, filed on August 22, 2025, (the "Disclosure Statement" for the "Plan") is inadequate, premature, and should not be approved.[1] The Disclosure Statement is incomplete, inconsistent, misleading, and in several instances, inaccurate. Also, the Debtor has amended its Disclosure

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Disclosure Statement.

Statement and proposed Plan substantially but did so only three court days before the response deadline, depriving creditors of the notice and opportunity to meaningfully respond required by Federal Rule of Bankruptcy Procedure 2002(b). That pattern pervades the Disclosure Statement and Plan. The Disclosure Statement and Plan assume that JKO Group ("JKO") has no remaining claim and that the Debtor will prevail on its pending Lease Motion (defined below). The Disclosure Statement obscures basic facts about the status of the alleged lease (the "Lease") with the Debtor's subsidiary Regency Palms and Regency Palms' own assets, liabilities, and financial performance, and other necessary information. The Plan is also patently unconfirmable, as described further herein.

Accordingly, the Disclosure Statement should not and cannot be approved.

## II.

## LEGAL STANDARD

"The purpose of a disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan". *See Duff v. United States Trustee (In re Cal. Fidelity, Inc.)*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996). Specifically, the Bankruptcy Code provides that the disclosure statement must contain "adequate information" in order to be approved. 11 U.S.C. § 1125(b).

Among the types of information required are: (1) the anticipated future of the debtor; (2) the source of the information provided in the disclosure statement; (3) the accounting and valuation method used to produce the financial information in the disclosure statement; (4) any financial information, valuations, or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan; (5) information relevant to the risks being taken by the creditors and interest holders; and (6) the existence, likelihood and possible success of non-bankruptcy litigation. *See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988). This list is not exhaustive. A disclosure statement must contain all pertinent information bearing on the success or failure of the proposals in the plan of reorganization. *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981).



## III.

## ARGUMENT

### A. The Debtor Did Not Allow Sufficient Time to Respond to the Disclosure Statement

The operative Disclosure Statement was filed on August 22, 2025—just three court days before the response deadline for the September 10, 2025, hearing. The changes from the prior version were substantial. Among other things, the prior version assumed that the Debtor would retain its real estate and reorganize on that basis. The current version correctly assumes that the Debtor will not retain its real estate, which is a wholesale, fundamental change. Under Federal Rule of Bankruptcy Procedure 2002(b), parties in interest are entitled to 28 days' notice of the hearing on approval of a disclosure statement. This timing allows parties-in-interest 14 days to analyze a proposed plan and disclosure statement and adequately respond. With the timing of its changes, the Debtor gave JKO and other creditors only three days to respond.

This issue alone warrants a continuance or denial of the Disclosure Statement without prejudice.

### B. The Disclosure Statement Falsely Assumes That JKO's Claim Was Fully Satisfied, Artificially Inflating Other Creditors' Recovery

Throughout the Disclosure Statement, the Debtor simply assumes, without argument or analysis, that JKO's claim has been satisfied in full. But the value of the Property was significantly less than the amount of JKO's claim, which leaves JKO as the Estate's largest creditor. No contested matter has even begun—let alone been adjudicated—regarding the amount of JKO's claim, the value of the Property, or any alleged satisfaction.

This is a major, fatal omission. The entire structure and distribution scheme of the Plan depends on JKO being out of the picture. The Disclosure Statement strongly suggests that general unsecured creditors will be paid in full, but that will not happen with JKO as the Estate's largest creditor. The Plan is also premised on the Debtor's current equity holders retaining their interests without providing any new value, which renders it patently unconfirmable so long as JKO has a claim. *See Ad Hoc Comm. of Holders of Trade Claims v. PG&E (In re PG&E Corp.)*, 46 F.4th 1047, 1054 (9th Cir. 2022)

("absolute priority rule requires that a creditor be 'made whole' before junior interests—including equity holders—take from the bankruptcy estate.") By failing to disclose or grapple with this, the Disclosure Statement renders the treatment of creditor classes materially misleading.

In addition, no bar date for filing proofs of claim has been set in this case. Without a bar date, the Debtor cannot genuinely project the claims pool and recovery to general unsecured creditors.

### C. The Disclosure Statement Assumes That the Court will Grant the Lease Motion and that the Lease is in Effect

As the Court is aware, the Debtor's Motion for Entry into Real Property Lease Amendment with Tenant [Doc. 72] (the "Lease Motion") remains pending, with mediation on the horizon. But the Disclosure Statement does not reference the Lease Motion or any related contingencies. Rather, the Debtor states that "Regency Palms will have no rental payment obligation owing to JKO as the new landlord to Regency Palms." This statement appears to assume that the Court will deny the Lease Motion. Elsewhere, in Exhibit 1 to the Plan, the Debtor projects that it will pay monthly rent of $43,375—apparently an assumption that the Court will *grant* the Lease Motion. This assumption is unjustified, and the contradiction is not explained.

Moreover, the Disclosure Statement incorrectly assumes that there is a valid lease in place at all. According to the Hanna Declaration submitted in support of the Debtor's Reply in Support of Lease Motion [Doc. 97] (the "Hanna Declaration"), the original five-year term of the lease commenced on June 17, 2020. (Hanna Decl. ¶¶ 3–5.) That term would have expired in June 2025 unless the Regency Palms timely exercised its option to renew. The Debtor now claims that Regency Palms exercised its option to extend the lease by written notice on or before April 18, 2025. (Id. ¶ 5.) Yet the Debtor's own Schedule G, filed on March 29, 2025, and Lease Motion, filed June 24, 2025, both stated that the lease term ends in 2027.

There is no copy of the alleged written notice in the record. And if the Debtor itself believed until late June that the Lease ended in 2027, it is highly unlikely that Regency Palms timely exercised its option two months earlier. If that option was not exercised, the Debtor cannot possibly claim that Regency Palms will have no rental obligation. Also, the Lease document itself was never presented in either of the Debtor's chapter 11 cases or to JKO before the filing of the Lease Motion. Together with

the Debtor's inconsistencies as to its term, this raises serious doubts about whether the Lease is even authentic.

As importantly, the Disclosure Statement neglects to mention that under the Lease, "[t]he total amount of rent payable by [Regency Palms] to the Lessor . . . is an amount equal to cover 100% of the debt service on the Property as calculated from time to time *by the Lessor*." Lease Motion, Ex. 1, § 4. (emphasis added). By omitting this discretion and power of the Lessor, the Debtor obscures the fact that it could have collected rent throughout the case but simply chose not to for the benefit of Regency Palms. The omission also effectively conceals a valuable Estate asset, a claim against Regency Palms for rent, which is omitted from the liquidation analysis. Thus, the Debtor creates the illusion that the Estate will benefit from a sudden voluntary $350,000 "distribution" from Regency Palms under the Plan, but no equivalent amount in a liquidation.

Relatedly, the Debtor does not explain how Regency Palms can afford to make this distribution despite claiming that Regency Palms' liquidation value is approximately $100,000. If Regency Palms can pay $350,000 in cash on the effective date of the Plan, then its liquidation value must account for that—unless, that is, the $350,000 represents funds that the Debtor's ownership has misappropriated from Regency Palms but is willing to put back in if a Plan is confirmed. Whatever the truth is here, it has not been adequately disclosed.

### D.    Information About Regency Palms is Woefully Inadequate

The Plan depends entirely on the performance of Regency Palms, but the Disclosure Statement fails to disclose its assets, liabilities, financial history, or projected performance in anything but the most summary fashion. Creditors cannot evaluate whether Regency Palms could support more or less than the proposed $350,000 initial distribution and $65,000 ongoing distributions. Also, it is unclear how much compensation or other consideration Regency Palms pays to it and the Debtor's insiders, which prevents creditors from assessing whether the proposed distributions are fair.

The Plan is also unconfirmable, because the Debtor is requiring creditors to take on all the risks of being equity holders (distributions dependent on profit) but without any management power, ongoing transparency, or upside if Regency Palms' profits exceed projections. Nor is there any enforcement mechanism for creditors, such as conversion to chapter 7, if Regency Palms does not

make payments. Creditors must simply accept what the Debtor's current ownership deigns to provide, whenever they deign to provide it, while ownership remains in place and takes the rest of the profits. This is a blatant violation of the absolute priority rule.

### E. Reservation of Rights

JKO reserves the right to assert additional arguments against the operative Disclosure Statement or any other in the event the Court continues the September 10, 2025, hearing or denies without prejudice. JKO also reserves the right to oppose confirmation of the Plan for additional reasons not asserted herein.

## IV.

## CONCLUSION

The Disclosure Statement is misleading, inadequate, and should not be approved.

DATED: August 28, 2025　　　　　　　　　G&B LAW, LLP

By: _____
　　　JAMES R. FELTON
　　　JEREMY H. ROTHSTEIN, ESQ.
　　　Attorneys for Creditor JKO Group, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16000 Ventura Blvd., Ste. 1000, Encino, CA 91436

A true and correct copy of the foregoing document entitled (specify): **JKO GROUP, LLC'S OPPOSITION TO APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT IN SUPPORT OF DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** be served or was served in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 28, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Brian David Fittipaldi**   brian.fittipaldi@usdoj.gov
- **Garrick A Hollander**   ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Matthew D Pham**   mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Debra Riley**   driley@allenmatkins.com, plewis@allenmatkins.com
- **Jeremy H Rothstein**   jrothstein@gblawllp.com, msingleman@gblawllp.com;mbowes@gblawllp.com
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On August 28, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 28, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 28, 2025 | Matthew J. Bowes | /s/ Matthew J. Bowes |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                            **F 9013-3.1.PROOF.SERVICE**
2593804.1 - 32572.0001