GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@wghlawyers.com
PETER W. LIANIDES – State Bar No. 160517
plianides@wghlawyers.com
JORDYN M. PAPERNY – State Bar No. 351678
jpaperny@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>GLOBAL PREMIER REGENCY PALMS OXNARD, LP, a California limited partnership,<br><br>        Debtor and<br>        Debtor-in-Possession | Case No. 9:25-bk-10329-RC<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S MOTION (I) TO VACATE ORDER GRANTING JKO GROUP LLC'S AND BLACKHAWK SOLAR, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY; AND (II) FOR SANCTIONS AND AN AWARD OF ATTORNEY FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF GARRICK A. HOLLANDER AND CHRISTINE HANNA IN SUPPORT THEREOF**<br><br>PROPOSED HEARING[1]<br>DATE:     September 10, 2025<br>TIME:     1:00 p.m.<br>PLACE:   Courtroom 201<br>               1415 State Street<br>               Santa Barbara, CA 93101 |

---

[1] Concurrently herewith, the Debtor is filing an Application for Order Setting Hearing on Shortened Notice.

280786.3

1

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 4

II.   RELEVANT FACTS ........................................................................................... 5

   A.   Nano Banc Assigns Promissory Note and Deed of Trust to JKO ............................ 5

   B.   Debtor's First Chapter 11 ................................................................................. 5

   C.   JKO and Blackhawk Falsely Prosecute the RFS Motion ........................................ 6

   D.   The Debtor Learns that Prior to the Petition Date, JKO Transferred the Promissory
        Note and Deed of Trust to Cantor, Thereby Leaving JKO and Blackhawk with No
        Claim Against the Estate and No Standing to Prosecute the RFS Motion ................ 7

III.  THE COURT HAS AUTHORITY TO VACATE THE RFS ORDER .............................. 9

   A.   Vacating the RFS Order Under FRCP 60(b)(3) Is Appropriate Because the RFS
        Order Was Obtained Through JKO's and Blackhawk's Fraudulent
        Misrepresentations ......................................................................................... 10

        i.    Only a Real Party in Interest May Seek Relief from the Stay Under 11
              U.S.C. § 362(d)(1) ................................................................................ 11

        ii.   Cantor Is the Real Party in Interest, and JKO and Blackhawk Fraudulently
              Misrepresented Otherwise .................................................................... 12

   B.   Vacating the RFS Order Under FRCP 60(b)(6) Is Appropriate to Accomplish
        Justice ......................................................................................................... 13

   C.   When the RFS Order Is Vacated, the Recording of the Deed in Lieu, and the
        Purported Transfer of the Property to Blackhawk, Was in Violation of the
        Automatic Stay and Therefore Void ................................................................ 14

IV.   THE COURT HAS AUTHORITY TO AWARD  SANCTIONS AGAINST THE
      SANCTION PARTIES ....................................................................................... 15

V.    CONCLUSION ................................................................................................. 17

1

# TABLE OF AUTHORITIES

2

**Cases**

3

In re Canellas,
2010 WL 571808, at *4 (Bankr. M.D. Fla. 2010) ........................................................... 9

4

Chambers v. NASCO, Inc.,
5      501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ........................................... 16

6

City of Duluth v. Fond du Lac Band of Lake Superior Chippewa,
7      702 F.3d 1147 (8th Cir. 2013) ...................................................................................... 10

8

In re Colonial Realty Co.,
9      1991 WL 487192, *3 (D. Conn. 1991) .......................................................................... 11

10

Conerly v. Flower,
410 F.2d 941, 944 (8th Cir. 1969) .................................................................................. 9

11

In re Datesman,
12      1999 WL 608856, *10 (Bankr. E.D. Pa. 1999) ............................................................. 14

13

De Saracho v. Custom Food Mach., Inc.,
14      206 F.3d 874, 880 (9th Cir. 2000) .................................................................................. 7

15

In re Donovan,
16      266 B.R. 862, 867 (Bankr. S.D. Iowa 2001) ................................................................. 14

17

In re Dunbar,
245 F.3d 1058, 1063 (9th Cir. 2001). ............................................................................ 14

18

In re Escobar,
19      457 B.R. 229, 237 (Bankr. E.D.N.Y. 2011) .................................................................. 11

20

In re Fingers,
21      170 B.R. 419, 437 (S.D. Cal. 1994) ............................................................................... 14

22

In re Glanz,
205 B.R. 750, 756 (Bankr. D. Md. 1997) ...................................................................... 15

23

In re Hayes,
24      393 B.R. 259, 267 (Bankr. D. Mass. 2008) ................................................................... 11

25

In re Heiserman,
26      78 B.R. 899, 904 (Bankr. C.D. Ill. 1987) ...................................................................... 15

27

In re Holder,
260 B.R. 571, 577 (Bankr. M.D. Ga. 2001) .................................................................. 14

28

In re Ivey and Assocs. Grp., Inc.,
  2010 WL 11719140, at *3 (Bankr. M.D. Fla. 2010) ...................................................12

In re Jacobson,
  402 B.R. 359, 366-367 (Bankr. W.D. Wash. 2009) ...........................................13, 11

In re John Richards Homes Bldg. Co., L.L.C.,
  404 B.R. 220, 227 (E.D. Mich. 2009) ...................................................................15

Klapprott v. U.S.,
  335 U.S. 601, 614-15, 69 S. Ct. 384, 390 (1949). ...............................................13

In re Lee,
  2016 WL 1450210, at *8 (B.A.P. 9th Cir. Apr. 11, 2006) ...................................14

Matter of Ring,
  178 B.R. 570, 579 (Bankr. S.D. Ga. 1995)...........................................................14

In re Mehlhose,
  469 B.R. 694, 708-11 (Bankr. E.D. Mich. 2012) ...........................................15, 16

In re Mid-Atlantic Fuels, Inc.,
  121 B.R. 207 (S.D. W. Va. 1990)..........................................................................14

In re Miller,
  666 F.3d 1255, 1261 (10th Cir. 2012) .....................................................................8

Miller v. Cardinale (In re DeVille),
  361 F.3d 539, 551, 553 (9th Cir. 2004) .................................................................11

In re Morgenstern,
  542 B.R. 650, 653 (Bankr. D.N.H. 2015)..............................................................15

In re Moses,
  2017 WL 3951703, at *3 (Bankr. C.D. Cal. Sept. 7, 2017) ...........................10, 13

In re Murphy,
  2018 WL 2059605, at *2 (Bankr. N.D. Ga. 2018) ...............................................15

Price v. Lehtinen (In re Lehtinen),
  564 F.3d 1052, 1058-59 (9th Cir. 2009).................................................................16

Rector v. New York Bank of Mellon,
  2014 WL 12047052, at *2 (C.D. Cal. 2014) .........................................................10

In Rome Family Corp.,
  2010 WL 1381093, at *2 (Bankr. D. Vt. 2010)........................................................7

In re Samaniego,
    224 B.R. 154, 165 (Bankr. E.D. Wash. 1998) ...........................................................................15

Schwartz v. Kujawa (In re Kujawa),
    256 B.R. 598, 610 (B.A.P. 8th Cir. 2000),
    aff'd in part, rev'd in part, on other grounds, 270 F.3d 578 (8th Cir. 2001) ...........................16

In re Shamblin,
    890 F.2d 123, 127 (9th Cir. 1989) ...........................................................................................15

In re Sheridan,
    2009 WL 631355, at *4 (Bankr. D. Idaho 2009).................................................................11, 13

In re Spikes,
    662 B.R. 704, 710 (Bankr. E.D. Cal. 2024)...............................................................................15

Thorpe v. Thorpe,
    364 F.2d 692, 694 (D.C. Cir. 1966)............................................................................................9

United States v. Throckmorton
    98 U.S. 61, 65-66 (1878) ..........................................................................................................10

White v. National Football League,
    756 F.3d 585, 596 (8th Cir. 2014) ..............................................................................................9

In re Wilhelm,
    407 B.R. 392, 399, 405 (Bankr. D. Idaho 2009) ..................................................................11, 12

**Statutes**
11 U.S.C. § 105(a) ...............................................................................................................15, 16
11 U.S.C. § 362...........................................................................................................................2, 14
11 U.S.C. § 362(a)(4).......................................................................................................................15
11 U.S.C. § 362(d)(1). ..............................................................................................................4, 10, 11
11 U.S.C. § 362(g) ..........................................................................................................................12

**Rules**
Fed. R. Bk. P. 7017 ........................................................................................................................12
Fed. R. Bk. P. 9014 ........................................................................................................................12
Fed. R. Bk. P. 9024 ..........................................................................................................................2
Fed. R. Civ. P. 17 ...........................................................................................................................11
Fed. R. Civ. P. 60(b) ...............................................................................................2, 5, 9, 10, 13
Fed. R. Civ. P. 60(b)(3)............................................................................................................10, 13

**TO THE HONORABLE RONALD CLIFFORD, III, UNITED STATES BANKRUPTCY JUDGE; JKO GROUP, LLC; BLACKHAWK SOLAR, LLC; JAMES R. FELTON; JEREMY H. ROTHSTEIN; AND CREDITORS:**

**PLEASE TAKE NOTICE** that Global Premier Regency Palms Oxnard, LP, a California limited partnership and debtor and debtor-in-possession in the above-captioned Chapter 11 proceeding (the "Debtor"), hereby submits this Motion (the "Motion"), for entry of an order (i) vacating and annulling the Court's *Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* [Docket No. 98] (the "RFS Order"), which granted the *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* [Docket No. 42] (the "RFS Motion") filed by JKO Group, LLC ("JKO") and Blackhawk Solar, LLC ("Blackhawk"); and (ii) awarding sanctions against JKO, Blackhawk, and their counsel, James R. Felton and Jeremy H. Rothstein (collectively with JKO and Blackhawk, the "Sanction Parties"), for damages suffered as a result of the improper and unauthorized filing of the RFS Motion.

The Motion is made and based upon the within Memorandum of Points and Authorities, the Declarations of Garrick Hollander (the "Hollander Declaration") and Christine Hanna (the "Hanna Declaration") appended hereto, the Request for Judicial Notice ("RJN") filed concurrently herewith, all pleadings, papers, and records on file with the Court and such other evidence, oral or documentary, as may be presented to the Court at the time of the hearing on the Motion, should any hearing be held.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

1. Vacating and annulling the RFS Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"), as adopted and incorporated in Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules");

2. Determining that the recording of the Deed in Lieu (as defined herein), and the purported transfer of the Property to Blackhawk, was in violation of the stay and therefore void;

3. Awarding sanctions against the Sanction Parties, pursuant to the Court's inherent power, in an amount equal to all damages suffered by the Debtor as a result of the

1    improper and unauthorized filing of the RFS Motion by said parties, including, without

2    limitation, the fees and costs incurred by the Debtor in opposing the RFS Motion and

3    bringing the within Motion; and

4            4.     Granting such other and further relief as the Court deems just and

5    appropriate.

6    DATED:  September 5, 2025                    **WINTHROP GOLUBOW HOLLANDER, LLP**

7

8                                         By: */s/ Garrick A. Hollander*_____

9                                             Garrick A. Hollander, Esq.
                                             Peter W. Lianides

10                                            Jordyn M. Paperny, Esq.
                                         General Insolvency Counsel for Debtor and

11                                       Debtor-in-Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

1

# MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION

4      As previewed by the Debtor in its Reply to JKO's opposition to the Debtor's Disclosure

5 Statement,[2] JKO and Blackhawk had no right to seek – let alone obtain – relief from the automatic

6 stay to allow them to record the deed in lieu of foreclosure (the "<u>Deed in Lieu</u>") with respect to the

7 Debtor's real property located at 1020 Bismark Way, Oxnard, California (the "<u>Property</u>").

8      In the RFS Motion, JKO and Blackhawk misrepresented numerous times that it was a

9 secured creditor by virtue of Nano Banc assigning to JKO a Promissory Note and Deed of Trust

10 with respect to the Property.  *See* RJN, Ex. 13.  The Court based its RFS Order, at least in part, on

11 these misrepresentations, as only a real party in interest (*i.e.*, the current holder of the Promissory

12 Note and Deed of Trust) is entitled to seek relief from the automatic stay under section 362(d)(1)

13 of the Bankruptcy Code.

14      The Debtor, however, recently discovered that neither JKO nor Blackhawk were the real

15 party in interest and, therefore, their filing of the RFS Motion was improper and unauthorized.

16 That is, because, prior to the Petition Date (March 11, 2025), JKO transferred all of its interests in

17 the Promissory Note and Deed of Trust to Cantor Group V, LLC ("<u>Cantor</u>") pursuant to an

18 Assignment of Deed of Trust from JKO to Cantor, dated as of March 20, 2024.  RJN, Exs. 8 and 9.

19 Thus, Cantor – ***not*** JKO and Blackhawk – is the real party in interest and thus the only party

20 entitled to seek relief from the stay with respect to the Property.  In fact, during the entirety of this

21 Chapter 11 proceeding, neither JKO nor Blackhawk was a creditor of the Debtor.

22 Notwithstanding, JKO and Blackhawk falsely represented it was the holder of the Note and Deed

23 of Trust, and improperly prosecuted the RFS Motion and obtained relief from the stay in an effort

24 to steal the Property.  The Court should not condone such actions.

25      Accordingly, by this Motion, the Debtor requests the Court enter an order (i)

26

27 ───────────────
[2] *See Debtor's Reply to JKO Group, LLC's Opposition to Approval of Debtor's Disclosure Statement in Support of Debtor's Second Amended Chapter 11 Plan of Reorganization* [Docket No. 113] and *Request for Judicial Notice in*

28 *Support of Debtor's Reply to JKO Group, LLC's Opposition to Approval of Debtor's Disclosure Statement in Support of Debtor's Second Amended Chapter 11 Plan of Reorganization* [Docket No. 114] ("<u>RJN</u>"), both of which are incorporated herein by this reference.

1    vacating and annulling the RFS Order pursuant to FRCP 60(b), as such order was based on JKO's

2    fraudulent misrepresentations, (ii) determining that the recording of the Deed in Lieu, and the

3    purported transfer of the Property to Blackhawk, was in violation of the stay and therefore void ab

4    initio, and (iii) awarding sanctions against the Sanction Parties, pursuant to the Court's inherent

5    powers, for damages suffered by the Debtor as a result of the unauthorized filing of the RFS

6    Motion.

7                                              **II.**

8                                    **RELEVANT FACTS**

9    **A.    Nano Banc Assigns Promissory Note and Deed of Trust to JKO**

10              On June 27, 2018, the Debtor obtained a loan from Nano Banc in the amount of $15.5

11   million to purchase the Property, and build and operate an assisted living/memory care facility.

12   The Nano Banc loan was evidenced by, among other things, a Construction Loan Agreement and

13   Promissory Note. In connection with the loan, the Debtor provided a Deed of Trust, dated as of

14   March 30, 2020, in favor of Nano Banc. On November 19, 2020, the parties executed a change in

15   terms agreement to, among other things, increase the loan from $23 million to $25.5 million.

16              On or about April 22, 2022, the Debtor was informed that Nano Banc assigned all the

17   Promissory Note and Deed of Trust to JKO.  On April 25, 2022, the Debtor received a Notice of

18   Default and Election to Sell Under Deed of Trust recorded in the Official Records, County of

19   Ventura, Doc No. 2022000005980.  The Trustee Sale was rescheduled and continued from time to

20   time until August 18, 2022, at which point the Debtor filed its First Chapter 11.

21   **B.    Debtor's First Chapter 11**

22              During the Debtor's First Chapter 11, the Debtor secured a PACE loan to help negotiate

23   and resolve its disputes with JKO.  On June 20, 2023, the Debtor entered into a Stipulation with

24   JKO, which provided for a significant payment by the Debtor from proceeds of the PACE loan. On

25   August 15, 2023, the Court entered orders (i) authorizing the Debtor to obtain PACE financing in

26   an amount of up to $12.8 million; and (ii) approving the Stipulation with JKO and dismissing the

27   bankruptcy case.

28              Pursuant to the Stipulation, the Debtor was required to make a payment of approximately

$7.9 million in August 2023, and thereafter make monthly payments of $89,000.  Pursuant to the Stipulation, the Debtor had no cure period for a payment default, and to secure performance, JKO was given the Deed in Lieu to record in the event of default.

Since consensually emerging from its First Chapter 11 in 2023, the Debtor has been able to turn a profit and generative approximately $80,000-$100,000 of EBITDA per month.  As a result, the Debtor timely paid JKO $7.9 million, and thereafter, timely made seventeen monthly payments of $89,000 (or more than $1.5 million).

**C.    JKO and Blackhawk Falsely Prosecute the RFS Motion**

Unfortunately, March 2025 had three payroll periods that came due in the same month, resulting in the Debtor's inability to fully pay Movant its monthly payment under the Stipulation. Pursuant to the Stipulation, the Debtor has no cure period for a payment default, and to secure performance, JKO was given a Deed in Lieu to record in the event of default.  The Debtor asked JKO for an extension of time, to which the Debtor believed JKO consented, but when it asked JKO to sign an agreement confirming the extension, the Debtor did not hear back from JKO. Concerned about losing the Property, on March 11, 2025, the Debtor filed its second voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.

On May 13, 2025, JKO and Blackhawk filed the RFS Motion, seeking relief from the automatic stay to permit Blackhawk to record a Deed in Lieu with respect to the Property.  *See* RJN, Ex. 13.  In the RFS Motion, JKO and Blackhawk *falsely* represented to the Court that it was a secured creditor by virtue of being the current holder of the Promissory Note and assignee of the beneficiary of the Deed of Trust, both of which, as explained below, in actuality, JKO transferred to Cantor prior to the Petition Date.  *See, e.g.*, RFS Motion at 3 ¶ 1 ("Movant is the: Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary."); *id.* at 7, ¶ 7 ("Movant holds a … Deed of Trust that encumbers the Property.  A true and correct copy of the

document as recorded is attached as Exhibit 4.  A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 3.  A true and correct copy of the assignment(s) transferring the beneficial interest of the note and deed of trust to movant is attached as Exhibit 5."); *see also, e.g.*, *id.* at 7, ¶ 8 (detailing "[a]mount of Movant's claim with respect to the Property); *id.*, Mem. of Points and Authorities at 1 ("Secured Lender JKO Group LLC and Creditor Blackhawk Solar, LLC (collectively, 'Movant' or 'Lender')…."); *id.* at 3, § II.B ("The Lender's Secured Debt"); *id.* at 4 ("On or about April 15, 2022, Nano assigned its rights in the Loan Documents to the Lender (the 'Debt')."); *id.* at 5 ("As of the Petition Date, the Debtor owes JKO no less than $25,758,888.80. The Debtor has made no payments post-petition and, due to the occurrence of the default, owes an additional $494,120.86 for amounts owed post-petition plus interest, default interest, late fees, attorneys' fees, and other fees which continue to accrue.").

On May 20, 2025, the Debtor filed an opposition to the RFS Motion.  A hearing on the RFS Motion was held on June 3, 2025.

On August 12, 2025, the Court, based on JKO's and Blackhawk's misrepresentations as described herein, entered the RFS Order granting JKO's RFS Motion.

While JKO and Blackhawk were co-movants with respect to the RFS Motion, Blackhawk does not appear anywhere on the chain of title as to the various assignments of the Deed of Trust, which are detailed below.  Notwithstanding, it appears that Blackhawk recorded the Deed in Lieu, as grantee, on or about August 28, 2025.  *See* RJN, Ex. 14.

> **D.** **The Debtor Learns that Prior to the Petition Date, JKO Transferred the Promissory Note and Deed of Trust to Cantor, Thereby Leaving JKO and Blackhawk with No Claim Against the Estate and No Standing to Prosecute the RFS Motion**

JKO's principal and sole decision maker is Mahender Makhijani ("Mahender").[3]  The Debtor has recently discovered that Mahender and his associates[4] and affiliated entities have been

---

[3] Among other things, Mahender Makhijani <mahender@continuumanalytics.com> is identified in the emails attached as Exhibit E to the Declaration of Jaspreet Singh, Docket No. 62, filed by JKO, as the contact person on behalf of JKO in the communications with the Debtor.

[4] Mahender's business associates include Banayotis Haddad, who is identified in RJN, Exhibits 3, 4 and 5.

1  found guilty of fraud and various intentional torts, as well as engaging in related criminal activity.

2  *See* RJN, Exs. 1 through 6.  As a result of the Debtor's ongoing investigation, the Debtor also

3  learned that JKO is not – and has never been – a creditor during this current Chapter 11

4  bankruptcy, let alone the real party in interest with respect to the Promissory Note and Deed of

5  Trust.

6        Specifically, following the Debtor's first Chapter 11 case, on March 20, 2024, JKO

7  executed an Assignment of Deed of Trust from JKO to Cantor (which is another Mahender

8  affiliated entity), thereby assigning the Promissory Note and Deed of Trust to Cantor.  While the

9  Assignment of Deed of Trust was executed on March 20, 2024, it was not recorded until October

10  3, 2024, and recorded again on November 21, 2024.  *See* RJN, Exs. 8 and 9.[5]

11        On March 28, 2024, Cantor pledged its interest in the Promissory Note and Deed of Trust,

12  along with 16 other secured loans, in favor of Western Alliance Bank (the "<u>Bank</u>"), as collateral

13  for the Bank's loan to Cantor.  *See* RJN, Ex. 12.  The Debtor has learned that the Bank has

14  recently filed a lawsuit in the Los Angeles Superior Court, alleging that Cantor and Mahender

15  defrauded the Bank, and falsified title reports, Case No. 25STCV24263.  The Bank is currently

16  moving for the appointment of a receiver over Cantor.  The Bank's application for the

17  appointment of a receiver over Cantor – whose assets include the Promissory Note and Deed of

18  Trust – and the supporting declarations *inter alia* establish:

19
20      [Cantor and its principal Mahender] engineered a fraudulent scheme to conceal
    [Bank's] exposure. [Bank's] independent title searches revealed the shocking truth:
    [Bank's] liens had been fraudulently subordinated, in some cases to insiders, and
21      [Cantor] had gone so far as to fabricate title reports to trick [Bank] into believing its
    first-priority position. [Bank] subsequently obtained the title reports from the title
22      companies, reflecting that Borrower had doctored the policies.

23  *See* RJN, Exs. 6 and 7.

24        The Debtor believes that Mahender caused the Deed in Lieu to be placed in the name of

25  Blackhawk, in order to defraud the Bank and evade the enforcement of the Bank's loan against

26  Cantor.  Blackhawk appears to also be affiliated with Mahender, as Blackhawk's Statements of

27
28  ---
[5] While the Assignment of Deed of Trust was executed on March 20, 2024, it was not recorded until October 3, 2024, and recorded again on November 21, 2024. See RJN Exs. 8 and 9. In what appears to be a series of shell-game transfers, Cantor assigned the Deed of Trust back to JKO on November 19, 2024, for approximately one month; and on December 27, 2024, JKO again re-assigned the Deed of Trust back to Cantor. See RJN Exs. 10 and 11.

Information filed with the California Secretary of State were executed by Deba Shyam and

Banayotis Haddad, respectively, both well-known business associates of Mahender.  *See* RJN,

Exs. 15 and 16.

Based on the recorded assignments, Cantor is the current holder of the Promissory Note

and Deed of Trust – and has been since March 20, 2024.  Thus, as explained below, Cantor, not

JKO or Blackhawk, was the real party in interest entitled to prosecute the RFS Motion.[6]

**III.**

<u>**THE COURT HAS AUTHORITY TO VACATE THE RFS ORDER**</u>

FRCP 60(b), as adopted and incorporated in Bankruptcy Rule 9024, provides, in pertinent

part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a
> party's legal representative from a final judgment, order, or proceeding for the
> following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b);
> (3) **fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party**;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment
> upon which it is based has been reversed or otherwise vacated, or it is no
> longer equitable that the judgment should have prospective application; or
> (6) **any other reason justifying relief from the operation of the judgment**.

Fed. R. Civ. P. 60(b) (emphasis added).

FRCP 60(b) "is designed to prevent injustice by allowing a court to set aside the unjust

results of litigation."  *White v. National Football League*, 756 F.3d 585, 596 (8th Cir. 2014).

"A court in granting relief under Rule 60(b) is given broad discretion as to the type of relief it

might grant. And a court in acting under 60(b) is given express authority to 'impose just terms.'"

*Conerly v. Flower*, 410 F.2d 941, 944 (8th Cir. 1969) (citing *Thorpe v. Thorpe*, 364 F.2d 692, 694

(D.C. Cir. 1966)).  Accordingly, the Court has discretion to both "set aside and *annul* the former

judgment or decree."  *Rector v. New York Bank of Mellon*, 2014 WL 12047052, at *2 (C.D. Cal.

---

[6] The Debtor observes that, in the near future, the Bank will likely either foreclosure upon the Promissory Note and Deed of Trust, or obtain the appointment of a receiver over Cantor, who will take control of the Promissory Note and Deed of Trust.  As a result, Mahender's control over Cantor's assets will likely soon end.

2014) (emphasis added) (quoting *United States v. Throckmorton* 98 U.S. 61, 65-66 (1878)); *see also City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147 (8th Cir. 2013) (finding FRCP 60(b) providing relief from a final judgment for any reason that "justifies relief" permitted "retrospective relief"); *In Rome Family Corp.*, 2010 WL 1381093, at *2 (Bankr. D. Vt. 2010) (granting FRCP 60(b) motion with "retroactive effect").

Here, the Debtor seeks to retroactively vacate the RFS Order under FRCP 60(b)(3) and (6) because the RFS Order was obtained through JKO's and Blackhawk's misrepresentations to the Court and beyond that JKO and/or Blackhawk were the current holders of the Promissory Note and assignees of the beneficiary of the Deed of Trust and therefore the real parties in interest with respect to the Property.  As a result of such misrepresentations, the Debtor was unable to fully and fairly present its opposition to the RFS Motion, and, more significantly, Blackhawk was permitted to record the Deed in Lieu and steal the Debtors' Property under false pretenses.  Once the RFS Order is vacated, Blackhawk's recording of the Deed in Lieu, and the purported transfer of the Property to Blackhawk, will have been in violation of the automatic stay and therefore void.

A.    **Vacating the RFS Order Under FRCP 60(b)(3) Is Appropriate Because the RFS Order Was Obtained Through JKO's and Blackhawk's Fraudulent Misrepresentations**

"To prevail on a motion under Rule 60(b)(3), 'the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense.'" *In re Moses*, 2017 WL 3951703, at *3 (Bankr. C.D. Cal. Sept. 7, 2017) (citing *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

As set forth below, only the real party in interest (*i.e.*, the current holder of a note and deed of trust) may seek relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.  JKO and Blackhawk represented throughout the RFS Motion and supporting documents that JKO and/or Blackhawk was the real party in interest.  The Debtor, however, recently discovered that neither JKO nor Blackhawk is, nor was at any time during this case, the real party

1    in interest because JKO transferred the Promissory Note and Deed of Trust to Cantor before the

2    Debtor even filed for Chapter 11. Thus, the RFS Order was obtained through JKO's and

3    Blackhawk's fraudulent misrepresentations to the Court and beyond.

4              i.    *Only a Real Party in Interest May Seek Relief from the Stay Under 11*

5                   *U.S.C. § 362(d)(1)*

6          JKO and Blackhawk sought relief from the stay under section 362(d)(1), which permits the

7    court, upon request of a party in interest, to grant relief from the stay for cause.  11 U.S.C. §

8    362(d)(1).  To seek relief from the stay under this provision and/or foreclose, a movant must

9    establish it is the **real** party in interest – *i.e.*, the **current holder** of a note and deed of trust.  *See In*

10   *re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012) (reversing order granting relief from stay, where

11   movant "failed to show that it is the current holder of the Note," holding "in order to invoke the

12   court's power to award relief under § 362(d), a party must be either a creditor or a debtor of the

13   bankruptcy estate" and, therefore, "the evidence is insufficient as it currently stands to establish

14   that Deutsche Bank is a 'party in interest' entitled to seek relief from stay"); *In re Hayes*, 393 B.R.

15   259, 267 (Bankr. D. Mass. 2008) (denying motion for relief from stay based upon lack of standing,

16   reasoning that "[t]o have standing to seek relief from the automatic stay, Deutsche Bank was

17   required to establish that it is a party in interest and that it is asserting its rights and not those of

18   another entity."); *In re Jacobson*, 402 B.R. 359, 367 (Bankr. W.D. Wash. 2009) (denying motion

19   for relief from stay, where movant failed to establish standing, "only the holder of the obligation

20   secured by the deed of trust is entitled to foreclose."); *In re Wilhelm*, 407 B.R. 392, 399, 405

21   (Bankr. D. Idaho 2009) (holding motions for relief from stay must "be prosecuted in the name of

22   the real party in interest" and "[b]ecause Movants failed to establish possession of and an

23   ownership interest in the notes, they are not shown to be the real party in interest, and they lack

24   standing to bring the motions").

25         Thus, a motion for relief from stay must be brought in the name of the real party in interest

26   – here, **Cantor**.  *See In re Sheridan*, 2009 WL 631355, at *4 (Bankr. D. Idaho 2009); *see also In*

27   *re Escobar*, 457 B.R. 229, 237 (Bankr. E.D.N.Y. 2011) ("Rule 17 of the Federal Rules of Civil

28   Procedure, which does apply to contested matters such as stay relief motions by virtue of

1   Bankruptcy Rules 7017 and 9014, requires that an 'action must be prosecuted in the name of the

2   real party in interest.'"); *In re Canellas*, 2010 WL 571808, at *4 (Bankr. M.D. Fla. 2010) ("A

3   motion for relief from the automatic stay must be prosecuted in the name of the real party in

4   interest."); *In re Ivey and Assocs. Grp., Inc*., 2010 WL 11719140, at *3 (Bankr. M.D. Fla. 2010)

5   ("A motion for relief from the automatic stay must be prosecuted in the name of the real party in

6   interest."); *see also In re Wilhelm*, 407 B.R. at 399  ("As to the real-party-in-interest argument,

7   this Court recently held that motions brought under § 362(g) are subject to Federal Rule of Civil

8   Procedure 17's requirement that actions be prosecuted in the name of the real party in interest.").

9           ii.      <u>Cantor Is the Real Party in Interest, and JKO and Blackhawk Fraudulently</u>

10                   <u>Misrepresented Otherwise</u>

11          Here, Cantor, not JKO or Blackhawk, is – and has been since March 2024 – the real party

12  in interest with respect to the Promissory Note and Deed of Trust.  Notwithstanding, JKO and

13  Blackhawk misrepresented to the Court that JKO and/or Blackhawk was the real party by

14  asserting that they were the holder of the Promissory Note and assignee of the beneficiary of the

15  Deed of Trust.  Specifically, JKO and Blackhawk made the following misrepresentations, on

16  which the Court necessarily had to rely when granting the RFS Motion:

17      • "Movant is the: Holder: Movant has physical possession of a promissory note that
18        either (1) names Movant as the payee under the promissory note or (2) is indorsed to
          Movant, or indorsed in blank, or payable to bearer. Beneficiary: Movant is either (1)
19        named as beneficiary in the security instrument on the subject property (e.g., mortgage
          or deed of trust) or (2) is the assignee of the beneficiary."  RFS Motion at 3, ¶ 1.

20      • "Movant holds a … Deed of Trust that encumbers the Property.  A true and correct
21        copy of the document as recorded is attached as Exhibit 4.  A true and correct copy of
          the promissory note or other document that evidences the Movant's claim is attached as
22        Exhibit 3.  A true and correct copy of the assignment(s) transferring the beneficial
          interest of the note and deed of trust to movant is attached as Exhibit 5."  *Id.* at 7, ¶ 7.

23      • JKO and Blackhawk, in numerous places throughout the RFS Motion and supporting
24        documents, allege they have a secured claim against the Debtor arising under the
          Promissory Note and Deed of Trust that Nano Banc assigned JKO.  *See, e.g., id.* at 7, ¶
25        8 (detailing "[a]mount of Movant's claim with respect to the Property); *id.*, Mem. of
          Points and Authorities at 1 ("Secured Lender JKO Group LLC and Creditor Blackhawk
26        Solar, LLC (collectively, 'Movant' or 'Lender')…."); *id.* at 3, § II.B ("The Lender's
          Secured Debt"); *id.* at 4 ("On or about April 15, 2022, Nano assigned its rights in the
27        Loan Documents to the Lender (the 'Debt')."); *id.* at 5 ("As of the Petition Date, the
          Debtor owes JKO no less than $25,758,888.80. The Debtor has made no payments
28        post-petition and, due to the occurrence of the default, owes an additional $494,120.86

                                                   -12-

for amounts owed post-petition plus interest, default interest, late fees, attorneys' fees, and other fees which continue to accrue.").

JKO and Blackhawk conveniently withheld a crucial fact from the Court: on March 20, 2024, JKO assigned the Promissory Note and Deed of Trust to Cantor.   Thus, Cantor was the real party in interest entitled to seek relief from the stay with respect to the Property.  In fact, JKO and Blackhawk do not reference Cantor anywhere in the RFS Motion or otherwise.[7]

Thus, the RFS Order was obtained through JKO's and Blackhawk's misrepresentations.  If JKO properly disclosed the assignment(s) to Cantor at the time of the RFS Motion, the Debtor would have successfully argued that JKO lacked standing to seek relief from the stay.  However, because of JKO's and Blackhawk's misrepresentations, the Debtor was prevented from doing so.  Accordingly, the RFS Order was obtained "through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the [Debtor] from fully and fairly presenting the defense." *In re Moses*, 2017 WL 3951703, at *3 (internal citations and quotation marks omitted).

Based on the foregoing, the Debtor requests that the Court vacate the RFS Order under FRCP 60(b)(3).

**B.    <u>Vacating the RFS Order Under FRCP 60(b)(6) Is Appropriate to Accomplish Justice</u>**

FRCP 60(b) allows reconsideration of an order or judgment whenever this action is appropriate to accomplish justice.  *Klapprott v. U.S.*, 335 U.S. 601, 614-15, 69 S. Ct. 384, 390 (1949).  In *Klapprott*, Justice Black pointed out that the purpose for clause (6) of FRCP 60(b) should be liberally applied to situations not covered by the preceding five clauses, so that, giving due regard for the sound interest underlying the finality of judgment, the Court nevertheless has the power to grant relief from the judgment whenever, under all the surrounding circumstances, such action is appropriate in the furtherance of justice. *See In re Mid-Atlantic Fuels, Inc.,* 121

---

[7] It is worth noting that if JKO and Blackhawk were bringing the RFS Motion on Cantor's behalf, they needed to make that clear.  "The real party in interest in relief from stay is whoever is entitled to enforce the obligation sought to be enforced. Even if a servicer or agent has authority to bring the motion on behalf of the holder, it is the holder, rather than the servicer, which must be the moving party, and so identified in the papers and in the electronic docketing done by the moving party's counsel." *In re Jacobson*, 402 B.R. 359, 366 (Bankr. W.D. Wash. 2009).  "[T]o obtain stay relief, a motion must be brought by a party in interest, with standing. This means the motion must be brought by one who has a pecuniary interest in the case and, in connection with secured debts, by the entity that is entitled to payment from the debtor and to enforce security for such payment. That entity is the real party in interest. It must bring the motion or, if the motion is filed by a servicer or nominee or other agent with claimed authority to bring the motion, the motion must identify and be prosecuted in the name of the real party in interest." *In re Sheridan*, 2009 WL 631355, at *4.

1  B.R. 207 (S.D. W. Va. 1990) (granting relief from court's earlier order providing adequate

2  protection payments to vendor was justified considering potential for overwhelming liability to

3  estate and other parties in interest).

4         Here, vacating the RFS Order is appropriate to accomplish justice in that the Debtor was

5  prevented from prosecuting its opposition to the RFS Motion to the fullest extent due to JKO's

6  and Blackhawk's intentional omissions and misrepresentations of material fact.  *Cf. In re Lee*,

7  2016 WL 1450210, at *8 (B.A.P. 9th Cir. Apr. 11, 2006) ("In order to demonstrate his

8  entitlement to relief under Civil Rule 60(b)(6), Mr. Lee was required to demonstrate that

9  extraordinary circumstances prevented him from prosecuting his opposition to the RFS Motion."

10 (internal citation omitted)).  Moreover, absent the relief requested herein, JKO and Blackhawk

11 will be permitted to steal the Debtor's Property – which is an outcome that the Court should not

12 permit.

13     C.     **When the RFS Order Is Vacated, the Recording of the Deed in Lieu, and the**

14            **Purported Transfer of the Property to Blackhawk, Was in Violation of the**

15            **Automatic Stay and Therefore Void**

16         It is well established that "actions taken in violation of the automatic stay are void ab

17 initio."  *In re Dunbar*, 245 F.3d 1058, 1063 (9th Cir. 2001).  As a result, acts in violation of the

18 stay are a legal nullity.  "Under Section 362 of the Code, stay violations are considered void ab

19 initio, meaning that the violations are deemed *without effect* and are rendered an *absolute nullity*."

20 *In re Holder*, 260 B.R. 571, 577 (Bankr. M.D. Ga. 2001) (emphasis added); *Matter of Ring*, 178

21 B.R. 570, 579 (Bankr. S.D. Ga. 1995) ("Such acts are deemed 'without effect' and are rendered

22 an absolute nullity."); *In re Fingers*, 170 B.R. 419, 437 (S.D. Cal. 1994) (concluding act "in

23 violation of bankruptcy's automatic stay was absolutely void ab initio and of no legal effect"); *In*

24 *re Colonial Realty Co.*, 1991 WL 487192, *3 (D. Conn. 1991) ("[T]he Florida Action is a nullity

25 as a violation of the automatic stay."); *In re Donovan*, 266 B.R. 862, 867 (Bankr. S.D. Iowa

26 2001) ("The acts in violation of the automatic stay have no effect and are a nullity."); *In re*

27 *Datesman*, 1999 WL 608856, *10 (Bankr. E.D. Pa. 1999) ("an act done in violation of the stay is

28 a nullity").

1    Accordingly, if and when the RFS Order is vacated, the post-petition recording of the

2    Deed in Lieu, and the purported transfer of the Property to Blackhawk, is void and a nullity, as a

3    violation of the automatic stay. *In re Glanz*, 205 B.R. 750, 756 (Bankr. D. Md. 1997) ("The post-

4    petition recordation of the Deed of Trust violated the automatic stay imposed by 11 U.S.C. §

5    362(a)(4) and is a nullity."); *In re Murphy*, 2018 WL 2059605, at *2 (Bankr. N.D. Ga. 2018)

6    ("[T]he recording of the Security Deed is void in violation of the automatic stay."); *In re*

7    *Samaniego*, 224 B.R. 154, 165 (Bankr. E.D. Wash. 1998) ("[T]he delivery and recording of the

8    Treasurer's deeds were void as done in violation of the automatic stay."); *In re Heiserman*, 78

9    B.R. 899, 904 (Bankr. C.D. Ill. 1987) (finding "recording of the Deed null and void under Federal

10    Bankruptcy law as a violation of the automatic stay"); *In re Morgenstern*, 542 B.R. 650, 653

11    (Bankr. D.N.H. 2015) ("White's procurement and recording of the deed did violate the automatic

12    stay and that the deed is void".); *In re Shamblin*, 890 F.2d 123, 127 (9th Cir. 1989) ("The tax sale

13    and subsequent tax deed violated the automatic stay and are void."); *In re Spikes*, 662 B.R. 704,

14    710 (Bankr. E.D. Cal. 2024) (holding "the recording of the Trustee's Deed Upon Sale during the

15    pendency of a bankruptcy case violates the automatic stay and is void ab initio").

16                                          **IV.**

17                      **THE COURT HAS AUTHORITY TO AWARD**

18                      **SANCTIONS AGAINST THE SANCTION PARTIES**

19    Based on the foregoing, which establishes that the Sanction Parties were unauthorized to

20    file the RFS Motion, an award of restitutionary sanctions is justified and may be awarded under the

21    court's inherent powers. The federal courts, including bankruptcy courts, have the discretion to

22    award attorney's fees and expenses as a sanction for misconduct based on their inherent authority.

23    *See e.g.*, *John Richards Homes Bldg. Co., L.L.C. v. Adell (In re John Richards Homes Bldg. Co.,*

24    *L.L.C.)*, 404 B.R. 220, 227 (E.D. Mich. 2009) (recognizing "bankruptcy courts have both an

25    inherent and a statutory power to issue sanctions … [which] can be applied to all instances of

26    'conduct which abuses the judicial process…'"); *In re Mehlhose*, 469 B.R. 694, 708-11 (Bankr.

27    E.D. Mich. 2012) (discussing a bankruptcy court's inherent and statutory authority under Section

28    105(a) to impose sanctions in the form of attorney's fees and costs); *Schwartz v. Kujawa (In re*

*Kujawa*), 256 B.R. 598, 610 (B.A.P. 8th Cir. 2000), *aff'd in part, rev'd in part, on other grounds*, 270 F.3d 578 (8th Cir. 2001) ("Bankruptcy court had inherent power, as well as power under [Rule 9011] to award sanctions.").

As set forth by the United States Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991):

> [A] court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." In this regard, ***if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party***, as it may when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order[.]" The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy."

*Id.* at 42 (emphasis added).

Likewise, the Ninth Circuit Court of Appeals has recognized the bankruptcy court's inherent authority to issue sanctions for misconduct. *See Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058-59 (9th Cir. 2009) (concluding a bankruptcy court's inherent power allows it to sanction "bad faith" or "willful misconduct," even in the absence of express statutory authority to do so, and it also "allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics"); *see also Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 551, 553 (9th Cir. 2004) (affirming the decision of the Bankruptcy Appellate Panel for the Ninth Circuit, which affirmed a bankruptcy court's award of all reasonable attorneys' fees and costs as a sanction under the bankruptcy court's inherent authority).

This Court also has the inherent authority to sanction the Sanction Parties for their misconduct under 11 U.S.C. § 105(a). *See e.g.*, *Mehlhose*, 469 B.R. at 711 (discussing cases applying sanctions pursuant to section 105(a)) ("Sanctions are justified under § 105(a) where the sanctioning court has clearly found that a litigant intentionally abused the judicial process in an unreasonable and vexatious manner. Where a party unreasonably prolongs litigation, it is within the court's inherent equitable authority to require that party to pay attorneys' fees.") (citations

omitted).

Thus, the Court is authorized to award sanctions against the Sanction Parties for damages suffered by the Debtor, including the fees and costs incurred in opposing the unauthorized RFS Motion and in bringing the within Motion,

**V.**

**CONCLUSION**

Based upon the foregoing, the Debtor respectfully requests that the Court enter an order (i) vacating and annulling the RFS Order, (ii) determining that the recording of the Deed in Lieu, and the purported transfer of the Property to Blackhawk, was in violation of the stay and therefore void ab initio, (iii) imposing sanctions against the Sanction Parties, and (iv) granting such other and further relief as the Court deems necessary and proper.

DATED:  September 5, 2025                **WINTHROP GOLUBOW HOLLANDER, LLP**


By:  */s/ Garrick A. Hollander*
        Garrick A. Hollander, Esq.
        Peter W. Lianides, Esq.
        Jordyn M. Paperny, Esq.
General Insolvency Counsel for Debtor and
Debtor-in-Possession

## DECLARATION OF CHRISTINE HANNA

I, Christine Hanna, hereby declare as follows:

1.      I am the manager of Global Premier America #3, LLC, the general partner of Global Premier Regency Palms Oxnard, LP, the debtor and debtor-in-possession in the above Chapter 11 proceedings (the "Debtor"). The matters set forth herein are within my own personal knowledge, and, if called upon to testify, I could and would do so competently and truthfully.

2.      I make this declaration in support of the *Debtor's Motion (I) to Vacate Order Granting JKO Group LLC'c and Blackhawk Solar, LLC's Motion for Relief from Automatic Stay and (II) for Sanctions and an Award of Attorney Fees and Costs* (the "Motion").[8]

3.      On June 27, 2018, the Debtor obtained a loan from Nano Banc in the amount of $15.5 million to purchase the real property located at 1020 Bismark Way, Oxnard, California (the "Property"), and build and operate an assisted living/memory care facility. The Nano Banc loan was evidenced by, among other things, a Construction Loan Agreement and Promissory Note. In connection with the loan, the Debtor provided a Deed of Trust, dated as of March 30, 2020, in favor of Nano Banc. On November 19, 2020, the parties executed a change in terms agreement to, among other things, increase the loan from $23 million to $25.5 million.

4.      On or about April 22, 2022, the Debtor was informed that Nano Banc assigned all the Promissory Note and Deed of Trust to JKO. On April 25, 2022, the Debtor received a Notice of Default and Election to Sell Under Deed of Trust recorded in the Official Records, County of Ventura, Doc No. 2022000005980. The Trustee Sale was rescheduled and continued from time to time until August 18, 2022, at which point the Debtor filed its First Chapter 11.

5.      During the Debtor's First Chapter 11, the Debtor secured a PACE loan to help negotiate and resolve its disputes with JKO.

6.      Since consensually emerging from its First Chapter 11 in 2023, the Debtor has been able to turn a profit and generative approximately $80,000-$100,000 of EBITDA per month. As a result, the Debtor timely paid JKO $7.9 million, and thereafter, timely made seventeen monthly payments of $89,000 (or more than $1.5 million).

---

[8] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

7.      Unfortunately, March 2025 had three payroll periods that came due in the same month, resulting in the Debtor's inability to fully pay Movant its monthly payment under the Stipulation.  Pursuant to the Stipulation, the Debtor had no cure period for a payment default, and to secure performance, JKO was given a Deed in Lieu to record in the event of default.  The Debtor asked JKO for an extension of time, to which the Debtor believed JKO consented, but when it asked JKO to sign an agreement confirming the extension, the Debtor did not hear back from JKO.  Concerned about losing the Property, on March 11, 2025, the Debtor filed its second voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.

8.      I understand that, while JKO and Blackhawk were co-movants with respect to the RFS Motion, Blackhawk does not appear anywhere on the chain of title as to the various assignments of the Deed of Trust, which are detailed in the Motion, and that, notwithstanding, it appears Blackhawk recorded the Deed in Lieu, as grantee, on or about August 28, 2025.  *See* Request for Judicial Notice ("RJN") filed concurrently herewith.

9.      The Debtor recently learned that JKO is not – and has never been – a creditor during this current Chapter 11 bankruptcy, let alone the real party in interest with respect to the Promissory Note and Deed of Trust.  Based on the recorded assignments, I believe Cantor is the current holder of the Promissory Note and Deed of Trust – and has been since March 20, 2024. *See* RJN, Exs. 8 and 9.

10.      The Debtor has learned that Western Alliance Bank has recently filed a lawsuit in the Los Angeles Superior Court, alleging that Cantor and defrauded the Bank, and falsified title reports, Case No. 25STCV24263.  *See* RJN, Exs. 6 and 7.

11.      JKO's principal and sole decision maker is Mahender Makhijani ("Mahender").[9]  I am informed that Mahender has recently been found guilty of fraud, and various intentional torts, as well as engaging in related criminal activity.  *See* RJN, Exs. 1 through 7.  I am further informed that Mahender caused JKO to transfer the Promissory Note and Deed of Trust to various affiliated

---

[9] Among other things, Mahender Makhijani <mahender@continuumanalytics.com> is identified in the emails attached as Exhibit E to the Declaration of Jaspreet Singh, docket no. 62, filed by JKO, as the contact person on behalf of JKO in the communications with the Debtor.

1  entities of Mahender, and that it appears that Mahender caused the deed in lieu to be placed in the
2  name of Blackhawk, in order to evade Cantor's creditors, including Western Alliance Bank. The
3  Ventura County Recorder's office reflects numerous assignments/encumbrances by JKO and
4  Cantor of its interests in the note and deed of trust. *See* RJN, Exs. 8 through 12.

5      12.    The Debtor believes it is likely that Mahender will cause Blackhawk to promptly
6  transfer or encumber title to the Property, in order to impede the Debtor's efforts to recover the
7  Property. Accordingly, the Debtor believes that an immediate hearing is necessary, prior to any
8  further transfers or encumbrances of the Property.

9      I declare under penalty of perjury that the foregoing is true and correct.

10     Executed on this 5th day of September 2025, at Irvine, California.

_____

Christine Hanna

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  1301 Dove Street Suite 500, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION (I) TO VACATE ORDER GRANTING JKO GROUP LLC'S AND BLACKHAWK SOLAR, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY; AND (II) FOR SANCTIONS AND AN AWARD OF ATTORNEY FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF GARRICK A. HOLLANDER AND CHRISTINE HANNA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>**September 5, 2025**</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Brian David Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Matthew D Pham**    mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Debra Riley**    driley@allenmatkins.com, plewis@allenmatkins.com
- **Jeremy H Rothstein**    jrothstein@gblawllp.com, msingleman@gblawllp.com;mbowes@gblawllp.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov

**2.  <u>SERVED BY UNITED STATES MAIL</u>:** On <u>09/05/2025</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.  **SEE ATTACHED SERVICE LIST**

**3.  <u>SERVED BY OVERNIGHT MAIL,</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>_____</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 5, 2025 | Jeannie Martinez | /s/ Jeannie Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Label Matrix For local noticing
0973-9
Case 9:25-bk-10329-RC
Central District of California
Santa Barbara
Tue Apr 15 10:15:47 PDT 2025

Northern Division
1415 State Street
Santa Barbara, CA 93101-2511

California Dept. of Tax
and Fee Adm
Account Info Grp, MIC: 29
PO Box 942879
Sacramento, CA 94279

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

Global Premier Regency Palms Oxnard, LP
Attn: Christine Hanna
2020 Main Street Suite 300
Irvine CA 92614

Global Premier America LLC
c/o Christine Hanna (Reg Agent)
2020 Main Street Suite 300
Irvine, CA 92614

Global Regency Oxnard
Senior Care Services, LLC
2020 Main St. Suite 300
Irvine, CA 92614

**SECURED**
Jones Hall, A Professional Law Corp
Attn: Corp Officer
475 Sansome Street, Suite 1700
San Francisco, CA 94111

National Affordable
Communities, Inc
Attn: Christine Hanna
2020 Main Street, Suite 300
Irvine, CA 92614

U.S. Securities and Exchange Commis
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Global Premier Regency Palms Oxnard LP
Christine Hanna
2020 Main St. Suite 300
Irvine, CA 92614

Andrew Hanna
Global Premier Development, Inc.
2010 Main Street, Suite 300
Irvine, CA 92614

Christine Hanna
326 Quail Ridge
Irvine CA 92603

**20 LARGEST**
Franchise Tax Board
PO Box 942857
Sacramento CA 94257-0531

**20 LARGEST**
Gary White
4206 Great Plains Dr NE
Salem OR 97305

Global Premier America LLC
Attn: Christine Hanna
2020 Main Street Suite 300
Irvine, CA 92614

**SECURED**
JKO Group LLC
Attn: Jeremy Rothstein
G&B Law16000 Ventura Blvd
Suite 1000
Encino, CA 91436-2730

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

State of California
Employment Development Dpt
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

**20 LARGEST**
County of Ventura
Treasurer Tax Collector
800 S. Victoria Ave
Ventura, CA 93009

United States Trustee (LA)
915 Wilshire Blvd., #1850
Los AngelesCA90017

California Dept of Tax and Fee Adm
Collection Support Bureau Bk Team
Mic: 74PO Box 942879
Sacramento, CA 94279-0001

**20 LARGEST**
Door Systems
Attn: Mario Martinez
1150 La Brisas Place
Placentia, CA 92870-6643

**20 LARGEST**
Global Bancorp
Attn: Nina Hanna
8 Hilltop
Irvine CA 92603

**20 LARGEST**
Global Realty and Investment Corp.
Attn: Nina Hanna
8 Hilltop
Irvine, CA 92603

**20 LARGEST**
JTC USA Holdings
Attn: Dawn Shuster
75 State Street Suite 2801
Boston MA 02109

**20 LARGEST**
Magdy Hanna
2200 Park Newport, #401
Newport Beach, CA 92660

**20 LARGEST**
Studio Six5, Inc.
Attn: Corporate Officer
811 Barton Springs Rd Ste 800
Austin, TX 78704

**20 LARGEST**
Vortex Industries, Inc.
Attn: Corporate Officer
320 Irving Dr.
Oxnard, CA 93030

**SECURED**
WO PACE Funding, LLC  Series 2023
c/o White Oak Global Advisors, LLC
Attn: Corporate Officer
3 Embarcadero Center, Floor 5
San Francisco, CA 94111

**SECURED**
WO Pace Funding, LLC
Attn: California Statewide Comm.
Development Authority
~~1700 North Broadway, Suite 405~~
~~Walnut Creek, CA 94596~~
Rtd Mail 7/21/2025 – See Below New Address

Internal Revenue Service
PO Box 7346
Philadelphia, PA9101-7346

**SECURED**
White Oak Global Advisors, LLC
Attn: Corporate Officer
3 Embarcadero Center, Suite 550
San Francisco, CA 94111

**SECURED**
WO Pace Funding, LLC
Attn: California Statewide Comm.
Development Authority
3201 Danville Blvd, Ste 267
Alamo, CA 94507-1917

**NEF [36]**
Allen Matkins Leck Gamble
Mallory & Natsis LLP
Attn: Matthew D. Pham
865 S. Figueroa Street, Suite 2800
Los Angeles, California 90017-2543

**NEF RSN [35]**
Allen Matkins Leck Gamble
Mallory & Natsis LLP
Attn: Debra A. Riley
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903

**RSN [35]**
CSCDA
c/o White Oak Global Advisors
Attn: Jeff Habicht
3 Embarcadero Center, Suite 550
San Francisco, CA 94111