GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@wghlawyers.com
PETER W. LIANIDES – State Bar No. 160517
plianides@wghlawyers.com
JORDAN M. PAPERNY – State Bar No. 351678
jpaperny@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>GLOBAL PREMIER REGENCY PALMS OXNARD, LP, a California limited partnership,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 9:25-bk-10329-RC<br><br>Chapter 11 Proceeding<br><br>**APPELLANT'S STATEMENT OF ISSUES ON APPEAL** |

.

# STATEMENT OF ISSUES

Pursuant to Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure, Global Premier Regency Palms Oxnard, LP ("Debtor"), states the following issues which are presented for determination in this appeal:

1. Whether the Bankruptcy Court erred in granting the *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property)* [ECF No. 42] (the "Motion") filed by JKO Group, LLC ("JKO") and Blackhawk Solar, LLC (together with JKO, each and collectively, "Movant")?

2. Whether the Bankruptcy Court erred in ruling on and granting the Motion, after the court formally denied the Motion at the hearing on June 3, 2025? Whether there was any motion properly before the Court, when Movants failed to file a new motion as direct by the Court at the June 3rd hearing?

3. Whether the Bankruptcy Court erred in failing to hold that a pre-petition waiver of the automatic stay is unenforceable, as contrary to public policy?

4. Whether the Bankruptcy Court erred in failing to conclude that the "Compromise" approved in the Debtor's prior bankruptcy proceeding, 9:22-bk-10626-RC ("Prior Bankruptcy") did *not* explicitly waive the automatic stay with respect to a *future* bankruptcy proceeding?

5. Whether the Bankruptcy Court erred in failing to conclude that paragraph 9 of the Dismissal Order, entered in the Prior Bankruptcy, did not explicitly grant *in rem* relief from stay as to a *future* bankruptcy proceeding?

6. Whether the Bankruptcy Court erred in failing to consider the uncontroverted evidence that the Debtor did not knowingly or intelligently waive the automatic stay with respect to *future* bankruptcy proceedings, in connection with the Compromise approved in the Prior Bankruptcy?

7. Whether the Bankruptcy Court erred in failing to conclude that any purported waiver of the automatic stay by the Debtor – even if enforceable against the Debtor – is not enforceable as to creditors and other parties in interest?

8. Whether the Bankruptcy Court erred in failing to adequately consider the oppositions and joinders to the oppositions to the Motion, filed by creditors and investors of the Debtor? Whether new creditors were denied due process of the right to object to the purported waiver as they were not included in the Prior Bankruptcy, and their objections in the current bankruptcy, once aware, were disregarded?

9. Whether the Bankruptcy Court erred in failing to conclude that there were "changed circumstances" sufficient to deny enforcement of any purported waiver of the automatic stay?

10. Whether the Bankruptcy Court erred in failing to conclude that Movants' interest was adequately protected?

11. Even assuming *arguendo* that "cause" was shown under Section 362(a)(1), whether the Bankruptcy Court abused its discretion in failing to grant a lesser form of relief, rather than a total lifting of the automatic stay?

DATED: September 8, 2025                    **WINTHROP GOLUBOW HOLLANDER, LLP**

By: /s/ Garrick A. Hollander
    Garrick A. Hollander
    Peter W. Lianides
    Jordan Paperny
General Insolvency Counsel for
Debtor and Debtor-in-Possession

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **APPELLANT'S STATEMENT OF ISSUES ON APPEAL** will be served in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order 162-A and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 8, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Brian David Fittipaldi - brian.fittipaldi@usdoj.gov
- Garrick A Hollander - ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- Matthew D Pham - mpham@allenmatkins.com, mdiaz@allenmatkins.com
- Debra Riley - driley@allenmatkins.com, plewis@allenmatkins.com
- Jeremy H Rothstein - jrothstein@gblawllp.com, msingleman@gblawllp.com; mbowes@gblawllp.com
- United States Trustee (ND) - ustpregion16.nd.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **September ___, 2025**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September ___, 2025**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 8, 2025 | Jeannie Martinez | /s/ Jeannie Martinez |
|---|---|---|
| *Date* | *Type Name* | *Signature* |