GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@wghlawyers.com
PETER W. LIANIDES – State Bar No. 160517
plianides@wghlawyers.com
JORDYN M. (PAPERNY) HALASZ – State Bar No. 351678
jpaperny@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for
Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>GLOBAL PREMIER REGENCY PALMS OXNARD, LP a California limited partnership,<br><br>Debtor and Debtor-in-Possession. | Case No. 9:25-bk-10329-SC<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S CHAPTER 11 STATUS REPORT**<br><br>DATE: October 7, 2026<br>TIME: 11:00 A.m.<br>PLACE: Courtroom 201<br>1415 State St.<br>Santa Barbara, CA 93101 |

**TO THE HONORABLE RONALD A. CLIFFORD, III, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL PARTIES IN INTEREST:**

Global Premier Regency Palms Oxnard, LP, a California limited partnership, the debtor and debtor-in-possession in the above-captioned Chapter 11 proceeding (the "Debtor"), hereby submits this chapter 11 status report.

In summary, the Debtor submits that it cannot submit a revised or amended Chapter 11 Plan and Disclosure Statement, until there is a ruling on its pending motion to vacate the order granting relief from stay, and proper title to the subject Property is established. Currently,

Blackhawk at least nominally holds record title to the Property, subject to the disputes summarized herein.

In support of this Status Report, the Debtor respectfully represents as follows:

**A. Status of Debtor's Property.**

As of the petition date, the Debtor owned the real property located at 1020 Bismark Way, Oxnard, California (the "Property"). The Debtor's wholly owned subsidiary, Global Regency Oxnard Senior Care Services, LLC dba Regency Palms Senior Living ("Regency Palms"), operates an assisted living facility at the Property. Regency Palms provides housing and a full spectrum of care and services to fragile seniors in need of a moderate level of medical assistance, including specialized memory care for seniors who suffer from Alzheimer's Disease and other forms of dementia. Regency Palms employs approximately 60 employees.

On August 12, 2025, the Court entered an order [Dkt.#98] (the "RFS Order") granting the *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property)* [Dkt.#42] (the "RFS Motion") filed by JKO Group, LLC ("JKO") and Blackhawk Solar, LLC ("Blackhawk" and, together with JKO, "JKO/Blackhawk"), seeking relief from the stay to record a Deed in Lieu with respect to the Property based on its purported ownership of the underlying Promissory Note and Deed of Trust. On August 25, 2025, the Debtor filed a Notice of Appeal of the RFS Order [Dkt.#107].

Blackhawk recorded the Deed in Lieu, as grantee, on or about August 28, 2025. Thus, Blackhawk at least nominally holds record title to the Property, subject to the disputes summarized below. The Debtor's subsidiary, Regency Palms, as lessee, continues to operate the assisted living facility at the Property.

**B. JKO/Blackhawk's Fraud, and the Debtor's Original Motion to Vacate the RFS Order.**

Soon after the entry of the RFS Order, the Debtor discovered that JKO/Blackhawk misrepresented its ownership of the underlying Promissory Note and Deed of Trust and therefore lacked standing to file the RFS Motion. That is, prior to the petition date (March 11, 2025), JKO transferred all of its interests in the Promissory Note and Deed of Trust to Cantor Group V, LLC

("Cantor") pursuant to an Assignment of Deed of Trust from JKO to Cantor, dated as of March 20, 2024. See Request for Judicial Notice [Dkt.#117] (the "RJN"), Exs. 8 and 9. Thus, Cantor – ***not*** JKO or Blackhawk – was the real party in interest and thus the only party entitled to seek relief from the stay with respect to the Property. In fact, during the entirety of this Chapter 11 proceeding, neither JKO nor Blackhawk was a creditor of the Debtor. Notwithstanding, JKO/Blackhawk falsely represented it was the holder of the Note and Deed of Trust, and improperly prosecuted the RFS Motion.

On September 5, 2025, the Debtor filed the *Debtor's Motion (I) to Vacate Order Granting JKO Group LLC's and Blackhawk Solar, LLC's Motion for Relief from Automatic Stay; and (II) for Sanctions and an Award of Attorney Fees and Costs* [Dkt.#116] (the "Original Vacate Motion").

Thereafter, other parties in interest, including Western Alliance Bank ("WAB") and California Bank of Commerce ("CBC"), filed joinders in support of the Original Vacate Motion, inter alia asserting additional grounds why JKO/Blackhawk were not the holders of the promissory note and deed of trust.

The Debtor has learned that on March 28, 2024, Cantor pledged its interest in the Promissory Note and Deed of Trust, along with 16 other secured loans, in favor of WAB, as collateral for WAB's loan to Cantor. See RJN, Ex. 12. JKO's principal and sole decision maker is Mahender Makhijani ("Mahender").[1] WAB filed a lawsuit in the Los Angeles Superior Court, alleging that Cantor and Mahender defrauded WAB, and falsified title reports, Case No. 25STCV24263. The Superior Court, inter alia, appointed a receiver over Cantor.

In addition, CBC filed a limited joinder to the Vacate Motion and related evidence establishing that CBC was and is the holder of the original Promissory Note which was pledged to CBC to secure a separate loan to JKO. See CBC's filings, Dkt.#160, 161, 162, 179, 180, 181, 182 and 183. CBC has submitted evidence that it continues to hold the original Promissory Note in its

---

[1] Among other things, Mahender Makhijani <mahender@continuumanalytics.com> is identified in the emails attached as Exhibit E to the Declaration of Jaspreet Singh, Dkt.#62, filed by JKO, as the contact person on behalf of JKO in the communications with the Debtor.

possession, and that such note is endorsed to CBC. CBC joined the request to vacate the RFS Order and to void the Deed in Lieu, because:

> JKO and Blackhawk have no enforcement rights with respect to the Collateral under the Promissory Note and Deed of Trust, as JKO assigned these rights to CBC back in April 2022. To grant JKO and Blackhawk relief from stay would be to permit these individuals to continue to carry out their fraudulent scheme against the numerous financial institutions involved in these cases and to permit fraud to be perpetuated on this Court. CBC is certain that if permitted, JKO and Blackhawk will seek to further transfer the Collateral and deny CBC its rights thereto. Thus, this Court should vacate the RFS Order, as JKO and Blackhawk have no right to foreclose on the Collateral.

CBC Joinder, Dkt.#160, at 6:18-25.

CBC Joinder and supporting evidence establish that representations and testimony in JKO/Blackhawk's RFS Motion – that JKO/Blackhawk has "physical possession of a promissory note" and that the note was "indorsed to Movant, or indorsed in blank" - was objectively false and perjurious.

Thus, both CBC and WAB assert rights to the Promissory Note and Deed of Trust, and that they were defrauded by Mahender and his affiliates. The filings of both CBC and WAB evidence extensive fraudulent activity by Mahender and his affiliated entities, and provide further grounds to vacate the RFS Order.

**C. <u>Status of the BAP Appeal.</u>**

As noted, on August 25, 2025, the Debtor filed a Notice of Appeal of the RFS Order [Dkt.#107]. In light of the pending appeal of the RFS Order to the Bankruptcy Appellate Panel ("BAP"), the parties agreed that the Original Vacate Motion would initially be treated as a request for indicative ruling under Rule 8008(a) of the Federal Rules of Bankruptcy Procedure on the basis that the Original Vacate Motion raises a "substantial issue." On January 26, 2026, the Bankruptcy Court entered the *Order Issuing Indicative Ruling Pursuant to F.R.B.P. 80008(a)(4) Re Debtor's Motion to Vacate Order Granting JKO Group LLC's and Blackhawk's Solar, LLC's Motion for Relief from Automatic Stay* [Dkt.#207] (the "Indicative Ruling").

The BAP's briefing schedule required the parties to file their respective appellate briefs in November and December of 2025. In light of the pending Vacate Motion, the Debtor filed a motion to extend the briefing schedule. However, the BAP failed to rule on the Debtor's motion

in a timely fashion, and thus the parties were forced to draft and submit their respective appellate briefs.

Based upon the Bankruptcy Court's Indicative Ruling, the Debtor filed a Motion to Remand with the BAP. On March 25, 2026, the BAP issued an *Order Granting Motion to Remand*.

**D. <u>Augmented Vacate Motion and JKO/Blackhawk's Lack of Controverting Evidence.</u>**

On April 14, 2026, the Debtor and JKO submitted a *Joint Status Report Regarding Motion to Vacate Order* [Dkt.#214], in which the Debtor and JKO proposed a briefing schedule to resolve the issues raised in the Original Vacate Motion. On April 28, 2026, the Court entered its *Order Relating to Hearing on Debtor's Motion to Vacate Order Granting JKO Group LLC's and Blackhawk Solar LLC's Motion for Relief from the Automatic Stay* [Dkt.#221] (the "Scheduling Order").

In accordance with the Scheduling Order, on May 20, 2026, the Debtor timely filed an augmented version of the Original Vacate Motion, including declarations of Christine Hanna and Jeannie Martinez in support thereof [Dkt.#227] ("Augmented Vacate Motion"). The Original Vacate Motion and the Augmented Vacate Motion submitted irrefutable evidence that, prior to the petition date, JKO executed and recorded no less than three (3) separate assignments of the Promissory Note and Deed to Trust to an affiliate, Cantor V. See RJN, Exs. 8, 9, 10 and 11; Hollander Declaration, Dkt.#133.[2]

To date, JKO/Blackhawk has *never* submitted any evidence refuting or controverting the assignment of the Promissory Note and Deed to Trust to Cantor V, nor refuting or controverting that CBC is the current holder of the original Promissory Note. JKO's papers do not dispute that it executed and recorded these assignments; rather, its papers merely dodge the issue by vaguely

[2] While the Assignment of Deed of Trust was executed on March 20, 2024, it was not recorded until October 3, 2024, and recorded again on November 21, 2024. See RJN Exs. 8 and 9. In what appears to be a series of shell-game transfers, Cantor assigned the Deed of Trust back to JKO on November 19, 2024, for approximately one month; and on December 27, 2024, JKO again re-assigned the Deed of Trust back to Cantor. See RJN Exs. 10 and 11.

referencing that is relates to “JKO and Cantor’s intercompany handling of their own assets and claims.” JKO Opposition Dkt.#138 at 5:26-27.

As a result, on July 15, 2026, the Debtor, CBC, WAB and Marcil, submitted a stipulation contending that there was no need for a pretrial conference or evidentiary hearing, as the legal issues on the Augmented Vacate Motion have been fully briefed, the evidence in the record on the Augmented Vacate Motion is and has been uncontroverted since the filing of the Original Vacate Motion. Dkt.#260. Based thereon, the Parties requested that the Court vacate the pretrial conference and evidentiary hearing.

At the hearing on August 26, 2026, the Court continued the hearings on the Augmented Vacate Motion, and CBC’s Motion to Strike JKO’s Opposition, to October 6, 2026, and indicated its intention to take the following actions:

1. vacate the pretrial conference and evidentiary hearing;
2. close the record on the Augmented Vacate Motion as of the last pleading filed in relation thereto; and
3. rule upon the Augmented Vacate Motion based upon the existing record.

As required by the Court, on September 15, 2026, the Debtor filed and served upon parties in interest, including the agent for service of process for JKO and Blackhawk, a notice of the continued hearings and the Court’s intended actions set forth above See Dkt.#270. The deadline for JKO/Blackhawk to respond to the Court’s intended actions was September 22, 2026. **No response was filed.**

**E. Withdrawal of JKO/Blackhawk’s Counsel.**

On June 12, 2026, JKO’s counsel G&B Law LLP filed its *Motion to Withdraw as Counsel for Creditors JKO Group, LLC and Blackhawk Solar, LLC; Declaration of James R. Felton and Jeremy H. Rothstein in Support Thereof* [Dkt.# 239 and 240] (the “Motion to Withdraw”).

Among other things, G&B Law LLP has acknowledged the arrest of JKO/Blackhawk’s principal, Mahender: “Mahender Makhijani was arrested on June 10 for alleged bank fraud. Second, JKO and Blackhawk’s counsel has not been in communication with their client for more than six weeks as [06/15/26].” See JKO Opposition, Dkt.#244.

At the June 23, 2026, hearing on the Motion to Withdraw, the Court granted the motion, and an order authorizing G&B Law to withdraw as counsel to JKO was entered on June 26, 2026 [Dkt.#257].

**F. <u>Lease Amendment Motion.</u>**

On June 24, 2025, the Debtor's filed a *Motion for Order Authorizing Debtor to Enter into Real Property Lease Amendment with Tenant* [Docket No. 72].

On December 23, 2025, the Court entered the Order Assigning Matter to Mediation and Continuing Hearing on Motion for Order Authorizing Debtor to Enter into Real Property Lease Amendment with Tenant [Docket No. 184]. The Debtor's counsel notified Judge Smith's chambers that mediation cannot proceed until the Augmented Vacate Motion, and thus the issue of ownership of the Property, is resolved. The hearing on the Lease Amendment Motion is scheduled concurrently with the Augmented Vacate Motion on October 6, 2026.

**G. <u>Plan and Disclosure Statement.</u>**

On July 9, 2025 (prior to the recording of the Deed in Lieu), the Debtor filed a Chapter 11 Plan of Reorganization. Dkt.#80. On August 22, 2025 (after the entry of the RFS Order, but prior to the filing of the Original Vacate Motion), the Debtor filed a redlined Chapter 11 Plan and Disclosure Statement. Dkt.#106.

As set forth above, currently Blackhawk at least nominally holds record title to the Property, subject to the disputes summarized herein. The Debtor's subsidiary, as lessee, continues to operate the assisted living facility at the Property.

The Original Vacate Motion and the Augmented Vacate Motion specifically request that the Court vacate and annul the RFS Order, and determine that the recording of the Deed in Lieu and the purported transfer of the Property to Blackhawk, was in violation of the stay and therefore void.[3]

---

[3] "A court in granting relief under Rule 60(b) is given broad discretion as to the type of relief it might grant. And a court in acting under 60(b) is given express authority to 'impose just terms.'" *Conerly v. Flower*, 410 F.2d 941, 944 (8th Cir. 1969) (citing *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966)). Accordingly, the Court has discretion to both "set aside and *annul* the former judgment or decree." *Rector v. New York Bank of Mellon*, 2014 WL 12047052, at *2 (C.D. Cal. 2014) (emphasis added) (quoting *United States v. Throckmorton* 98 U.S. 61, 65-66 (1878)); *see*

Accordingly, the Debtor submits that the granting of the Augmented Vacate Motion will restore the Debtor's title to the Property. The Debtor submits that it cannot submit a revised or amended Chapter 11 Plan and Disclosure Statement, nor mediate with respect to the Lease Amendment Motion, until there is a ruling on the Augmented Vacate Motion, and proper title to the Property is established.

DATED: September 23, 2026

**WINTHROP GOLUBOW HOLLANDER, LLP**

By: _/s/ Peter W. Lianides_
Garrick A. Hollander
Peter W. Lianides
Jordyn M. (Paperny) Halasz
General Insolvency Counsel for Debtor and Debtor-in-Possession

---

*also City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147 (8th Cir. 2013) (finding FRCP 60(b) providing relief from a final judgment for any reason that "justifies relief" permitted "retrospective relief"); *In Rome Family Corp.*, 2010 WL 1381093, at *2 (Bankr. D. Vt. 2010) (granting FRCP 60(b) motion with "retroactive effect").

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled: **DEBTOR'S CHAPTER 11 STATUS REPORT will** be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 23, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jessica L Bagdanov - jbagdanov@bg.law, ecf@bg.law
- Michael E Bubman - mbubman@mbn.law, aacosta@mbnlawyers.com
- Brian David Fittipaldi - brian.fittipaldi@usdoj.gov
- Amir Gamliel - amir.gamliel@ashurstperkins.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Craig S Ganz - ganzc@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- Steven T Gubner - sgubner@bg.law, ecf@bg.law
- Garrick A Hollander - ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Ira David Kharasch - ikharasch@pszjlaw.com
- Peter W Lianides - plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Michael S Myers - myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com; phxlsateam@ballardspahr.com
- Alan I Nahmias - anahmias@mbn.law, jdale@mbn.law
- Jordyn Paperny - jpaperny@wghlawyers.com, jmartinez@wghlawyers.com,svillegas@wghlawyers.com
- Matthew D Pham - mpham@allenmatkins.com, mdiaz@allenmatkins.com
- David M Poitras - dpoitras@bg.law
- Debra Riley - driley@allenmatkins.com, plewis@allenmatkins.com
- United States Trustee (ND) - ustpregion16.nd.ecf@usdoj.gov
- Christopher A Ward - cward@lowenstein.com, lsuprum@lowenstein.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On **September 23, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 23, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- jkogroupllc@gmail.com
- mahendermakhijani@gmail.com
- mahender@continuumanalytics.com
- michael@continuumanalytics.com
- jaspreet@continuumanalytics.com
- thomas@continuumanalytics.com
- Jeremy H. Rothstein, Esq. / James R. Felton, Esq. - jrothstein@gblawllp.com; jfelton@blawllp.com
- Mike Kluchin - jkogroupllc@gmail.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 23, 2026 | Silvia Villegas | */s/ Silvia Villegas* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Label Matrix For local noticing
0973-9
Case 9:25-bk-10329-RC
Central District of California
Santa Barbara
Tue Apr 15 10:15:47 PDT 2025

Global Premier Regency Palms Oxnard LP
Christine Hanna
2020 Main St. Suite 300
Irvine, CA 92614

United States Trustee (LA)
915 Wilshire Blvd., #1850
Los AngelesCA90017

Northern Division
1415 State Street
Santa Barbara, CA 93101-2511

Andrew Hanna
Global Premier Development, Inc.
~~2010 Main Street, Suite 300~~
~~Irvine, CA 92614~~
Rtd Mail 8/13/2025 UTF

California Dept of Tax and Fee Adm
Collection Support Bureau Bk Team
Mic: 74PO Box 942879
Sacramento, CA 94279-0001

California Dept. of Tax
and Fee Adm
Account Info Grp, MIC: 29
PO Box 942879
Sacramento, CA 94279

Christine Hanna
326 Quail Ridge
Irvine CA 92603

**20 LARGEST**
Door Systems
Attn: Mario Martinez
1150 La Brisas Place
Placentia, CA 92870-6643

**[POC No. 1]**
Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

**20 LARGEST**
Franchise Tax Board
PO Box 942857
Sacramento CA 94257-0531

Mike Kluchin
2549 Eastbluff Dr, #720
Newport Beach, CA 92660

Global Premier Regency Palms Oxnard, LP
Attn: Christine Hanna
2020 Main Street Suite 300
Irvine CA 92614

**20 LARGEST**
Gary White
4206 Great Plains Dr NE
Salem OR 97305

**20 LARGEST**
Global Bancorp
Attn: Nina Hanna
8 Hilltop
Irvine CA 92603

Global Premier America LLC
c/o Christine Hanna (Reg Agent)
2020 Main Street Suite 300
Irvine, CA 92614

Global Premier America LLC
Attn: Christine Hanna
2020 Main Street Suite 300
Irvine, CA 92614

**20 LARGEST**
Global Realty and Investment
Corp.
Attn: Nina Hanna
8 Hilltop
Irvine, CA 92603

Global Regency Oxnard
Senior Care Services, LLC
2020 Main St. Suite 300
Irvine, CA 92614

**SECURED**
JKO Group LLC
Attn: Jeremy Rothstein
G&B Law~~16000 Ventura Blvd~~
~~Suite 1000~~
~~Encino, CA 91436-2730~~
Rtd Mail 10/17/2025 UTF

**20 LARGEST**
JTC USA Holdings
Attn: Dawn Shuster
75 State Street Suite 2801
Boston MA 02109

**SECURED**
Jones Hall, A Professional Law Corp
Attn: Corp Officer
475 Sansome Street, Suite 1700
San Francisco, CA 94111

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

**20 LARGEST**
Magdy Hanna
~~2200 Park Newport, #401~~
~~Newport Beach, CA 92660~~
Rtd Mail 7/3/2025 UTF

National Affordable
Communities, Inc
Attn: Christine Hanna
2020 Main Street, Suite 300
Irvine, CA 92614

State of California
Employment Development Dpt
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

**20 LARGEST**
Studio Six5, Inc.
Attn: Corporate Officer
811 Barton Springs Rd Ste 800
Austin, TX 78704

U.S. Securities and Exchange Commis
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

**[POC #2] 20 LARGEST**
Ventura County Tax Collector
Attn: Bankruptcy
800 S. Victoria Ave
Ventura, CA 93009

**20 LARGEST**
Vortex Industries, Inc.
Attn: Corporate Officer
320 Irving Dr.
Oxnard, CA 93030

**RSN [175]**
**Attorney for Western Alliance Bank**
Michael S. Myers
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

Jeremy H. Rothstein, Esq.
James R. Felton, Esq.
G&B Law, LLP
16000 Ventura Blvd Ste 1000
Encino, CA 91436

Internal Revenue Service
PO Box 7346
Philadelphia, PA9101-7346

**SECURED**
WO PACE Funding, LLC Series 2023
c/o White Oak Global Advisors, LLC
Attn: Corporate Officer
3 Embarcadero Center, Floor 5
San Francisco, CA 94111

**SECURED**
WO Pace Funding, LLC
Attn: California Statewide Comm.
Development Authority
~~1700 North Broadway, Suite 405~~
~~Walnut Creek, CA 94596~~
Rtd Mail 7/21/2025 – See Below New Address

**SECURED**
White Oak Global Advisors, LLC
Attn: Corporate Officer
3 Embarcadero Center, Suite 550
San Francisco, CA 94111

**SECURED**
WO Pace Funding, LLC
Attn: California Statewide Comm.
Development Authority
3201 Danville Blvd, Ste 267
Alamo, CA 94507-1917

Austin C. Norris, Esq.
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

**Attorney for Andrew Stupin**
Joseph Rothberg, Esq.
David B. Golubchik, Esq.
Levene Neale Bender Yoo &
Golubchik LLP
2818 La Cienega Ave.
Los Angeles, CA 90034

**Cantor Receiver**
Chris Neilson, Receiver
Trigild IVL, LLC
3450 Bonita Road, Suite 203
Chula Vista, CA 91910

**Cantor Receiver**
Chris Neilson, Receiver
Trigild IVL, LLC
390 N. Pacific Coast Highway, Suite 3100
El Segundo, CA 90245

**Cantor Group V, LLC**
Larry Allen Rothstein, Esq.
Law Ofc Larry A. Rothstein
2625 Townsgate Rd, Ste 330,
Westlake Village, CA 91361-5749

**JKO Group, LLC**
Attn: Corporate Officer
15303 Ventura Blvd. #1650
Sherman Oaks, CA 91403

**JKO Group, LLC Manager/Member**
Rahrah Group LLC
Attn: Corporate Officer
2549 Eastbluff Dr #720
Newport Beach, CA 92660

**JKO Group, LLC /**
Attn: Corporate Officer
520 Newport Center Drive # 480
Newport Beach, CA 92660

**Blackhawk Solar, LLC**
Attn: Corporate Officer
16000 Ventura Blvd Suite 1000
Encino, CA 91436

**Blackhawk Solar LLC Manager/Member**
Lagrange Group Manager LLC
Attn: Corporate Officer
2549 Eastbluff Dr #720
Newport Beach, CA 92660

**BlackHawk Solar, LLC**
Attn: Corporate Officer
520 Newport Center Drive # 480
Newport Beach, CA 92660

**JKO Group, LLC**
c/o Agent for Service of Process
1505 Corporation
California Corporate Agents, Inc.
Attn: Chris Johnson
2108 N St Ste C
Sacramento, CA

**BlackHawk Solar, LLC**
c/o Agent for Service of Process
1505 Corporation
California Corporate Agents, Inc.
Attn: Chris Johnson
2108 N St Ste C
Sacramento, CA

Mahender Makhijani
c/o Karren Kenney
Kenney Legal Defense
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626

**NEF [36]**
Allen Matkins Leck Gamble
Mallory & Natsis LLP
Attn: Matthew D. Pham
865 S. Figueroa Street, Suite 2800
Los Angeles, California 90017-2543

**NEF RSN [35]**
Allen Matkins Leck Gamble
Mallory & Natsis LLP
Attn: Debra A. Riley
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903

**RSN [35]**
CSCDA
c/o White Oak Global Advisors
Attn: Jeff Habicht
3 Embarcadero Center, Suite 550
San Francisco, CA 94111

**NEF [163]**
BG Law LLP
Attn: Jessica L. Bagdanov
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

**NEF [164]**
Attorney for Gerald J. Marcil
BG Law LLP
Attn: Steven T. Gubner
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

**RSN [174]**
**Attorney for Western Alliance Bank**
Craig Solomon Ganz
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

**NEF [264]**
Andrew Stupin and Julie Stupin
c/o Ira David Kharasch / Ira D. Kharasch
Cia H. Mackle / Brooke E. Wilson
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**NEF [233]**
David m. Poitras
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

**NEF SERVICE LIST [225]**
**Attorney for Chris Neilson**
Perkins Coie LLP
Amir Gamliel, Esq.
1888 Century Park East, Ste 1700
Los Angeles, CA 90067-1721

**NEF SERVICE LIST [256]**
Lowenstein Sandler LLP
Christopher A. Ward, Esq.
1000 N West Street, Suite 1200
Wilmington, Delaware 19801

**NEF SERVICE LIST**
Interested Party California Bank of Commerce
Michael E Bubman, Esq.
Alan I Nahmias, Esq.

**NEF SERVICE LIST**
Interested Party Courtesy NEF
Matthew D Pham, Esq.

**NEF SERVICE LIST**
Creditor California Statewide Communities Development Authority
Debra Riley, Esq.

**NEF SERVICE LIST**
4G Wireless, Inc. /
Creditor Mohammad Honarkar
Christopher A Ward, Esq.

**NEF SERVICE LIST**